In the Matter of JOHN H. MARTIN, JR., Appellant, v CAROL A. MARTIN, Respondent. (And Two Other Related Proceedings.) [848 NYS2d 433]—

Spain, J. Appeals (1) from an order of the Family Court of Schenectady County (Powers, J.), entered December 29, 2005, which, among other things, dismissed petitioner's applications, in three proceedings pursuant to Family Ct Act article 4, for modification of a prior order of support, and (2) from an order of said court, entered October 26, 2006, which granted respondent's application for counsel fees.

The parties are the parents of two children (born in 1990 and 1995). In 2002, petitioner (hereinafter the father) and respondent (hereinafter the mother) were divorced and stipulated to a joint custody arrangement, whereby the father would, among other things, pay child support in the sum of $200 per week. In 2004, the parties each filed petitions on the same day in Family Court, the mother seeking a finding that the father had willfully violated the order of support and the father seeking a modification of his support obligation. In his petition, the father listed verbal agreements and health as the change in circumstances justifying modification. In June 2005, while the trial was in progress, the father filed a second petition seeking modification of child support based on his incarceration in the Albany County Jail.

A three-day trial—ultimately covering all three petitions—was held before a Support Magistrate on January 11, 2005, February 4, 2005 and June 28, 2005. On the first day of trial, the father's attorney attempted to introduce medical records but, after the mother objected, the Support Magistrate refused to receive the records "at this time," apparently in the absence of proper authentication. The father testified that in the spring and summer of 2003 his business collapsed, he was diagnosed with an illness which crippled his ability to work until approximately January 2005 and, between September 2003 and May 2004, he lived with the mother and their children under an agreement that he would perform the duties of a "stay-at-home parent" in lieu of support payments.

On the second day of trial a month later, the father attempted to introduce the testimony of his therapist who was apparently prepared to testify that during an addiction counseling session the parties had "agreed to have [the father] provide services instead of providing child support dollars." However, the mother objected to such testimony on the ground that it was privileged. The Support Magistrate adjourned the trial for research on the issue of whether the mother was entitled to assert a therapist/social worker-client privilege. Thereafter, by written decision, the Support Magistrate determined that the mother was

involved in the counseling only for the purpose of assisting with the father's therapy and, therefore, the therapist would be permitted to testify as a fact witness regarding the alleged agreement. On the date of that decision—May 5, 2005—the Support Magistrate set the next date for the continuation of the trial for June 28, 2005.

On June 28, 2005, almost eight weeks after her decision, the Support Magistrate was prepared to accept the therapist's testimony. The father's attorney, however, reported to the court that the therapist was not available and requested that another date be set for the therapist's testimony or, in the alternative, that the mother consent to the receipt in evidence of the therapist's affidavit, which had been submitted previously in support of the father's earlier assertion that the therapist should be allowed to testify. The mother objected to both of these options, and the Support Magistrate agreed.

The father's testimony resumed and it was revealed that he had recently been incarcerated on pending criminal charges. He also restated or elaborated on much of his earlier testimony regarding his health problems, work history, and the alleged agreement with the mother to temporarily suspend payments in return for his childcare assistance. The mother testified that the father had indeed resided with her and the children at times and that she had attended therapy sessions with him, but she asserted that they had not entered into any agreement to suspend child support.

After again denying the father's requests for an opportunity to call the therapist or introduce the therapist's affidavit, the Support Magistrate ruled from the bench dismissing both modification petitions based on the father's failure to establish a change in circumstances and finding that he had willfully violated a support order. In her ruling, the Support Magistrate noted, among other things, that no medical evidence of the father's alleged inability to work due to diminished health was introduced, incarceration is not a basis to modify an order of support,* and no credible evidence supported his claims regarding the alleged arrangement between the parties. She ultimately issued an order crediting various payments to the father, but finding that he willfully violated an order of support.

Family Court subsequently affirmed the findings of the Support Magistrate and directed that, given the finding of willful-

---

* The father now concedes that loss of income due to his incarceration did not demonstrate a justifiable inability to make child support payments (*see Matter of Knights v Knights*, 71 NY2d 865, 866-867 [1988]). Thus, any claim regarding his second modification petition has been abandoned.

ness, an award of counsel fees be determined. After a hearing, the Support Magistrate awarded $2,500 in counsel fees to the mother, which was then affirmed by Family Court. The father now appeals.

Initially, we reject the father's contention that the Support Magistrate's refusal to adjourn the trial so that a key witness could be located amounted to an abuse of discretion and that the decision to not consider the therapist's affidavit in place of his testimony was error. "The grant or denial of a motion for 'an adjournment for any purpose is a matter resting within the sound discretion of the trial court' " (*Matter of Steven B.*, 6 NY3d 888, 889 [2006], quoting *Matter of Anthony M.*, 63 NY2d 270, 283 [1984]; *see Matter of Anjoulic J.*, 18 AD3d 984, 988 [2005]). Here, it was clear that the father's inability to produce the therapist "resulted from [his counsel's] lack of due diligence in preparing for the hearing" (*Matter of Steven B.*, 6 NY3d at 889). Notably, his counsel conceded that he never spoke directly with the therapist—simply asserting that a letter was sent and it never came back so "[he] expected him to be [t]here"—and there was no indication in the record that any pretrial attempt was made to obtain a continuance or to reschedule. As for the refusal to admit the therapist's affidavit into evidence, the father fails to suggest any basis on which admission of that hearsay document would have been permissible.

We are, however, persuaded by the father's ineffective assistance of counsel claim based upon his attorney's failure to present sufficient evidence regarding his medical condition and to ensure that a key witness was present at trial. "Under Family Ct Act § 262 (a) (vi), a person has the right to the assistance of counsel 'in any proceeding before the court in which an order or other determination is being sought to hold such person in contempt of the court or *in willful violation of a previous order of the court*' " (*Matter of Wilder v Bufe*, 25 AD3d 827, 828 [2006], quoting Family Ct Act § 262 [a] [vi]). The standard for effective assistance of counsel here is whether, viewed in its totality, the representation was meaningful and whether actual prejudice was suffered as a result of claimed deficiencies (*see Matter of Kemp v Kemp*, 19 AD3d 748, 751 [2005], *lv denied* 5 NY3d 707 [2005]; *Matter of Thompson v Gibeault*, 305 AD2d 873, 875 [2003]).

In this case, the father's initial modification petition and his defense to the willful violation allegations turned on his health-related inability to work due to his treatment for a serious illness and an alleged agreement with the mother to suspend his support payments, and his counsel did not get important evi-

dence admitted that would have advanced these assertions. Specifically, counsel failed to properly obtain authentication for the father's medical records, call any witnesses to testify as to the effects of the father's illness, subpoena the therapist, or otherwise ensure his availability as a witness on the trial date. Family Court made specific reference to the lack of medical evidence in its decision, finding that the father had not refuted the mother's prima facie showing of willfulness, and affirmed the specific finding that no credible proof was offered to support the father's assertions of an agreement between the parties—the precise issue on which the therapist was to testify.

Had this proof been admitted into evidence, the father would have had independent verification for his assertions which may have relieved him of several months worth of support obligations (*see Matter of Duffy v Duffy*, 30 AD3d 735 [2006]) and may have undermined the allegation of willfulness. Taken together, the omissions constituted a failure to meaningfully represent the father, and he is entitled to a new hearing on his initial modification petition and the mother's violation petition.

We have considered the father's remaining contentions and deem them to be unpersuasive.

Cardona, P.J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order entered December 29, 2005 is modified, on the law, without costs, by reversing so much thereof as dismissed petitioner's initial modification petition and determined that he willfully violated the child support order; matter remitted to the Family Court of Schenectady County for a new trial on the violation petition and on petitioner's initial modification petition; and, as so modified, affirmed. Ordered that the order entered October 26, 2006, is reversed, on the law, without costs, and application for counsel fees denied.