In the Matter of KAREN M. TEMPLETON, Respondent, v JEFFREY C. TEMPLETON, Appellant. [902 NYS2d 234]—

Lahtinen, J. Appeals (1) from an order of the Family Court of Ulster County (Mizel, J.), entered July 1, 2009, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior support order, and (2) from the judgment entered thereon.

Respondent (hereinafter the father) allegedly sustained injuries in a car accident in May 2008 and, shortly thereafter, ceased making child support payments and sought downward modification of his child support obligation claiming that he was unable to work. Petitioner (hereinafter the mother) commenced an enforcement proceeding. A Support Magistrate found the father in willful violation and assessed arrears. Following a hearing before Family Court, the court did not find credible the father's contention that he could not work because of injuries related to the car accident. Family Court ordered, among other things, that the father reimburse the mother pursuant to Judiciary Law § 773 for costs she had incurred in pursuing the violation, including her expense for private investigators as well as her lost wages and travel expenses to attend the hearing. The order was reduced to a judgment and the father now appeals from the order and judgment.

We consider first the father's contention that he did not receive the effective assistance of counsel. To succeed on his claim, he must demonstrate that, viewed in its entirety, his counsel did not provide meaningful representation (see Matter of Hurlburt v Behr, 70 AD3d 1266, 1267 [2010]; Matter of Martin v Martin, 46 AD3d 1243, 1246 [2007]). Here, it is undisputed

that the father received injuries in a car accident, and his sole defense to the willful violation proceeding was that he was unable to work because of the extent of his injuries. His counsel, despite repeated attempts, failed to procure certified medical records, which were apparently extensive. Hence, the father's medical records were not received into evidence and no other competent proof was presented regarding the father's medical condition. Family Court found the lack of such proof fatal to the father's defense. Under these circumstances, we find merit to the father's ineffective assistance of counsel claim (*see Matter of Martin v Martin*, 46 AD3d at 1246).

Although this renders academic the father's further contention regarding the penalty, we note that, in the event a willful violation is found following a new hearing, the specific remedies for a violation of a support order are set forth in Family Ct Act § 454 (*see* Family Ct Act § 156; *Matter of Edwin G.*, 296 AD2d 7, 10 [2002]; *but see Matter of Williams v Johnson*, 56 AD3d 1021, 1022-1023 [2008]).

Spain, J.P., Rose, Garry and Egan Jr., JJ., concur. Ordered that the order and judgment are reversed, on the law, without costs, and matter remitted to the Family Court of Ulster County for further proceedings not inconsistent with this Court's decision.