In the Matter of EILEEN R. and Others, Children Alleged to be Abandoned. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CARMINE S., Appellant. [912 NYS2d 350]—

McCarthy, J. Appeal from an order of the Family Court of Broome County (Charnetsky, J.), entered December 16, 2009, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be abandoned, and terminated respondent's parental rights.

Respondent is the father of four children who entered petitioner's care in February 2008. Petitioner commenced this abandonment proceeding in January 2009. Respondent was unable to attend the proceedings because he was incarcerated in Pennsylvania, so Family Court assigned counsel who provided representation throughout the hearing. Petitioner presented proof establishing that respondent had made no attempt to contact the children, petitioner or the foster parents during the relevant six-month period and had not been prevented from doing so. At the conclusion of the hearing, the court found that the children were abandoned and terminated respondent's parental rights. Respondent now appeals, arguing that his counsel was ineffective and that his right to due process of law was violated because he was prevented from participating in the termination hearing.

We agree. A parent's right to custody of his or her children is "an important interest that undeniably warrants . . . protection" (*Lassiter v Department of Social Servs. of Durham Cty.*, 452 US 18, 27 [1981] [internal quotation marks and citation omitted]). The Due Process Clauses of both the US and NY

Constitutions protect a parent's right to be present throughout a proceeding implicating the termination of parental rights (*see Matter of Casey L. [Joseph L.]*, 68 AD3d 1497, 1498 [2009]; *see also* US Const 5th Amend; NY Const, art I, § 6). This right to be present, however, is not absolute and must be balanced with the child's right to a prompt and permanent adjudication (*see Matter of James Carton K.*, 245 AD2d 374, 377 [1997], *lv denied* 91 NY2d 809 [1998]).

Due process considerations are relevant to protecting the rights of parents who are unable, because of their incarceration, to personally attend proceedings concerning parental rights. Some examples of steps that courts have taken to protect the due process rights of unavoidably absent parents include permitting telephonic testimony or attendance, testimony by other means such as depositions, periodic adjournments to permit the incarcerated parent to review transcripts of testimony, and appointing counsel who can fully participate in the proceeding on behalf of the parent (*see generally Matter of Danielle M.*, 26 AD3d 748, 749 [2006], *lv denied* 7 NY3d 703 [2006]; *Matter of Ramon C.*, 261 AD2d 205 [1999]; *Matter of James Carton K.*, 245 AD2d at 376-377). If such alternative means of participation can be implemented without unduly delaying the proceeding, the court is able to simultaneously protect a parent's right to be present and the child's right to a prompt and permanent adjudication.

Family Court assigned counsel to represent respondent. Indigent parents facing termination of parental rights are entitled to the assignment of counsel (*see* Family Ct Act §§ 261, 262 [a] [iv]), and such counsel must provide effective assistance comparable to that afforded to criminal defendants (*see Matter of Brenden O.*, 20 AD3d 722, 723 [2005]). Once counsel is assigned, it is the duty of that attorney to protect the client's rights, but the court is obliged to ensure that the proceeding is fair and that due process is afforded to an individual whose parental rights may be terminated (*cf. Hurrell-Harring v State of New York*, 15 NY3d 8, 26 [2010] [reiterating that "enforcement of a clear constitutional or statutory mandate is the proper work of the courts"]). While this Court has found no due process violation in a case where the parent "was represented at the hearing by counsel who fully participated therein" (*Matter of Keyanna AA.*, 35 AD3d 1079, 1081 [2006]), respondent's counsel did not meet that standard, resulting in a violation of respondent's due process rights.

Before counsel was even assigned here, Family Court had predetermined that respondent could not testify telephonically.

The court allowed respondent to make an initial appearance by telephone for arraignment on the petition, when he was unrepresented, but informed respondent that the court did not "allow testimony over the telephone" and would therefore proceed in his absence and "make a decision based on the testimony presented by [petitioner]."[1] Such an announcement by the court—that it would make a decision based on petitioner's evidence alone—indicated that respondent would not be permitted to present any evidence; this was improper and contrary to the fundamental aspects of our adversary system. Although the court made these determinations before counsel's assignment, counsel did not later object or request that respondent be able to present evidence or his own testimony, either by telephone, deposition or any other means. Counsel also did not attempt to utilize other permissive alternatives designed to reduce the prejudice caused by respondent's absence, such as requesting adjournments to permit counsel to review transcripts of testimony with respondent prior to cross-examining petitioner's witnesses. Counsel attempted to cross-examine the witnesses, but he was apparently unable to comprehensively do so without respondent's input.

Had counsel requested adjournments or other opportunities to confer with respondent during the hearing, counsel may have been better equipped to conduct cross-examination. Although Family Court granted two adjournments, under the circumstances here those breaks were insufficient to protect respondent's rights. Unlike *Matter of James Carton K.* (245 AD2d at 375), where the court granted extensive adjournments after the petitioner presented its testimony to enable the incarcerated respondent to review transcripts prior to cross-examination, the adjournments afforded to respondent here did not serve that purpose. The first adjournment was granted before the hearing even began because respondent's counsel was recently assigned, was unaware that his client was still incarcerated and expected respondent to be present; he therefore needed time to prepare for the hearing. The second adjournment was granted because, during disclosure, petitioner did not supply certain records; this adjournment should have been granted even if respondent was present at the hearing. While one witness had given direct testimony prior to the second adjournment, counsel did not request that transcripts be supplied so that respondent could

---

**1.** During this conversation with Family Court, respondent made unsworn statements that he did not want to give up his parental rights and had made several unsuccessful attempts to contact his children through letters. These statements were not addressed by the court.

review that testimony. The remaining testimony was given without further adjournments. Other than for the one witness, counsel was unable to discuss the direct testimony with respondent to prepare for cross-examination of petitioner's witnesses.[2]

Not only was respondent prevented from adequately defending himself by effectively cross-examining witnesses, he was also prevented from putting on a case.[3] Counsel did not present any evidence on respondent's behalf. Respondent's unsworn statements at arraignment (*see* n 1, *supra*) and some of counsel's questions demonstrate that respondent may have been the only witness who could support his defense that he had attempted to contact the children. Yet respondent was unable to present that defense due to Family Court's apparent blanket policy and counsel's failure to challenge that policy or advocate for respondent's right to present his case in some feasible manner.

Contrary to Family Court's blanket policy against telephonic testimony, such is permitted under the Family Ct Act in both child support and paternity proceedings where an incarcerated parent cannot be present (*see* Family Ct Act § 433 [c] [ii]; § 531-a [a] [ii]; § 580-316 [f]; *see also* 22 NYCRR 205.44). Even though these statutes do not apply to the type of hearing held in this matter—and do not mandate such accommodations, but are only permissive, in proceedings where they do apply—courts have similarly authorized the use of testimony by telephone, where available and feasible, to protect the due process rights of parents who are physically absent from termination proceedings (*see Matter of Robert David L.*, 7 AD3d 529, 530 [2004], *lv denied* 3 NY3d 606 [2004]; *Matter of James Carton K.*, 245 AD2d at 375-376; *see also Matter of Jasper QQ.*, 64 AD3d 1017, 1019 [2009], *lv denied* 13 NY3d 706 [2009] [denying due process claim in abandonment proceeding, noting that the respondent was offered chance to appear telephonically]). While Family Court is not required to permit testimony by telephone or other electronic means in any particular case, we do not condone any court implementing a blanket policy against such a practice rather than carefully considering the available options based upon the circumstances of each individual case.

Unfortunately, counsel acquiesced in this policy. Counsel not only failed to object or make a request for some accommodation, he essentially waived his client's right to be present, stating,

---

**2.** Indeed, the record does not reflect whether counsel actually discussed the testimony of that one witness with respondent during the adjournment.

**3.** It is therefore not surprising that petitioner was able to establish that respondent had abandoned his children. Understandably, respondent makes no substantive arguments on appeal.

"I've had contact with [respondent] and he understands, judge, that this matter is going forward without his participation." Had counsel objected and provided some argument against the blanket policy, Family Court would have had an opportunity to reevaluate its policy and work with counsel to implement a reasonable method to accommodate respondent's participation despite his physical absence. By not objecting or seeking some accommodation, counsel failed to protect respondent's rights.

Counsel missed another opportunity to protect his client's rights by ignoring Family Court's actions in response to its own prior order. The court not only allowed respondent to appear by telephone initially—establishing the availability and feasability of that option—but also issued an order authorizing respondent to appear by telephone on the first day scheduled for the hearing. On that date, however, Family Court abruptly changed its position, stated that the order was "inadvertently unfortunately" issued, failed to contact respondent at the scheduled time and made no further efforts to comply with the order. The court did not explain why the order was initially issued, why its issuance constituted a mistake or why the court was not going to comply with its own order. Despite being aware of this order, counsel did not ask the court to comply with it, seek another order for his client's testimony or even object to the court's unexplained treatment of its own order. Again, counsel's inaction deprived respondent of an opportunity to participate in the hearing.

Appellate courts have denied due process violation claims in Family Court proceedings only where the hearing court ensured that an unavoidably absent parent had some opportunity to participate in a meaningful way (see Matter of Eric L., 51 AD3d 1400, 1401 [2008], lv denied 10 NY3d 716 [2008]; Matter of Robert David L., 7 AD3d at 530; Matter of James Carton K., 245 AD2d at 375). Despite Family Court's assignment of counsel, respondent did not enjoy a meaningful opportunity to participate in this case. By neglecting to seek any accommodations to protect respondent's right to be present or participate in some way, counsel's representation was less than meaningful and respondent was prejudiced by counsel's ineffectiveness (see Matter of Templeton v Templeton, 74 AD3d 1513, 1513-1514 [2010]; Matter of Martin v Martin, 46 AD3d 1243, 1246-1247 [2007]; compare Matter of Eric G., 59 AD3d 785, 787-788 [2009]). Because respondent's counsel cannot be deemed to have "fully participated" in the hearing under the circumstances here, the assignment of counsel was insufficient to protect respondent's due process rights (compare Matter of Keyanna AA., 35 AD3d at

1081). Accordingly, respondent is entitled to a new hearing, with new counsel assigned to represent him.

Spain, J.P., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.