██ In the Matter of SONARA HH., a Child Alleged to be a PermanentlyNeglected. SCHOHARIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROBERT HH., Appellant. [8 NYS3d 477]—

Garry, J.P. Appeals from an order and amended order of the Family Court of Schoharie County (Bartlett III, J.), entered December 19, 2013 and January 10, 2014, which, in a proceeding pursuant to Social Services Law § 384-b, denied respondent's motion to vacate a default order entered against him terminating his parental rights.

Respondent is the father of a child born in 2008. Respondent was incarcerated at the time of the child's birth and remained incarcerated throughout the period of the underlying court proceedings in Louisiana, with an anticipated release date in June 2016. The child was in her mother's custody until 2010, when she was removed and placed in foster care, and the mother thereafter executed a judicial surrender. In November 2012, petitioner commenced this permanent neglect proceeding seeking to terminate respondent's parental rights and free the child for adoption. Respondent was personally served with notice of the proceeding in July 2013. Counsel appeared in Fam-

---

and well-being" and "had power of attorney to make decisions regarding schooling, health care, and place of residence."

ily Court on respondent's behalf later in July, and the court scheduled a fact-finding hearing to be held in October 2013. During the July 2013 appearance, respondent's counsel requested that the court make arrangements for respondent to appear by telephone at the October hearing. The court declined to do so, advising that a telephone appearance would be permitted, but that arrangements should be made by respondent or his counsel.

Respondent did not appear at the October 2013 hearing date, in person or by telephone, but his counsel appeared and moved for an adjournment. Family Court denied the request, found respondent in default and, after an inquest, terminated his parental rights. Thereafter, respondent submitted a pro se motion "to reconsider and/or appeal the decision to terminate parental rights." The court treated this application as a motion to vacate the default judgment and, in an order and amended order, denied it. The father appeals from these orders.

A parent has a due process right to be present during proceedings to terminate parental rights, but that right "is not absolute and must be balanced with the child's right to a prompt and permanent adjudication" (*Matter of Eileen R. [Carmine S.]*, 79 AD3d 1482, 1483 [2010]; *see Matter of Arianna BB. [Tracy DD.]*, 110 AD3d 1194, 1195 [2013], *lv denied* 22 NY3d 858 [2014]). When incarceration prevents a parent from attending proceedings related to his or her parental rights, a court may protect the parent's due process rights through alternative means, such as telephonic appearances, the appointment of counsel who can fully represent the parent, or adjournments to permit the parent to review transcripts and consult with counsel, if such measures will not cause undue delay (*see Matter of Eileen R. [Carmine S.]*, 79 AD3d at 1483; *Matter of James Carton K.*, 245 AD2d 374, 377 [1997], *lv denied* 91 NY2d 809 [1998]). Here, Family Court addressed respondent's due process right to be present at the October 2013 hearing by advising his counsel that telephonic participation would be permitted, and we find no error in the court's requirement that respondent or his counsel arrange for respondent's participation, rather than doing so on his behalf (*compare Matter of Jasper QQ.*, 64 AD3d 1017, 1019 [2009], *lv denied* 13 NY3d 706 [2009]).

Nevertheless, we are unpersuaded that respondent was given an "opportunity to participate in a meaningful way" (*Matter of Eileen R. [Carmine S.]*, 79 AD3d at 1486), as the record includes no indication that he was notified that the October 2013 hearing had been scheduled. It is clear from the record

that respondent was generally aware of the proceedings; utterly lacking, however, is any proof that he was notified of the October hearing date, either by Family Court or his own counsel. Upon review, it does not appear that, at the time of the scheduled hearing, respondent's counsel had either communicated directly with him or advised him of the hearing date.*

Generally, a party who seeks to vacate a default judgment must demonstrate a reasonable excuse for his or her failure to appear and a meritorious defense (see Matter of Prince CC., 66 AD3d 1167, 1167-1168 [2009]; Matter of Shaune TT., 251 AD2d 758, 758 [1998]). No such showing is required, however, where a party's fundamental due process rights have been denied (see Matter of Hohenforst v DeMagistris, 44 AD3d 1114, 1116 [2007]). As notice is a fundamental component of due process, the orders denying respondent's application to vacate the default judgment must be reversed and the matter remitted for a new fact-finding hearing (see Matter of Hohenforst v DeMagistris, 44 AD3d at 1116-1117; Matter of Cleveland W., 256 AD2d 1151, 1152 [1998]).

Egan Jr., Lynch and Clark, JJ., concur. Ordered that the order and amended order are reversed, on the law, without costs, motion granted, default judgment vacated and matter remitted to the Family Court of Schoharie County for further proceedings not inconsistent with this Court's decision.

---

* Respondent argued upon appeal that he did not receive meaningful representation, but that issue need not be reached in light of our determination.