Garry, J.P.
Appeals (1) from an order of the Family Court of Ulster County (McGinty, J.), entered March 17, 2014, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support and committed respondent to the Ulster County jail for 90 days, and (2) from an order of said court, entered March 17, 2014, which directed the entry of a money judgment.
The parties are the parents of one child (born in 2004). In 2005, an order of support was issued requiring respondent (hereinafter the father), the noncustodial parent, to pay $81 per week in child support and a percentage of child-care expenses, among other things. In 2012, a Support Magistrate determined that the father had willfully violated the 2005 support order, established arrears and referred the matter to Fam *1134 ily Court for confirmation (see Family Ct Act §§ 156, 439 [a]). Family Court issued a suspended order of commitment confirming the finding of a willful violation and imposed a sentence of six months in the Ulster County jail. The court suspended the sentence provided that the father timely paid $150 per week— inclusive of arrears and the $81 basic support obligation — until the arrears were paid in full, and thereafter continued to pay the basic obligation. The court entered a money judgment for the arrears.
In 2013, petitioner (hereinafter the mother) filed a violation petition alleging that the father had failed to pay child support as required by the 2012 order. The father later filed a petition seeking a downward modification of his child support obligation, claiming that he was disabled. At the hearing on the mother’s petition, a representative from the Ulster County Support Collection Unit testified that the father had accumulated additional arrears since the 2012 order.[1] The father testified that he was disabled and unable to work due to back problems that had prevented him from maintaining employment and for which he had upcoming surgery, and his medical records were introduced into evidence. Family Court found that the medical evidence did not establish the father’s inability to work during “most of the relevant period” in issue and, at most, demonstrated his temporary disability for certain “short periods.” Finding sufficient evidence that the father had willfully violated the 2012 support order, the court issued an order committing him to the Ulster County jail for six months as contemplated by the 2012 order, to be suspended after 30 days if the father made specified payments. The court further issued an order directing entry of a money judgment. The father appeals from both orders.[2]
Although the father concedes that the mother made out a prima facie case of willful failure to pay child support as required (see Family Ct Act § 454 [3] [a]; Matter of Hastie v Tokle, 122 AD3d 1129, 1130-1131 [2014]), he argues that his assigned counsel’s failure to present sufficient evidence to satisfy his burden to offer, in response, “some competent, credible evidence of his inability to make the required payments” (Matter of Powers v Powers, 86 NY2d 63, 69-70 [1995]) constituted ineffective representation. The father was entitled to counsel (see Family Ct Act § 262 [a] [vi]). To succeed on this *1135 claim, he must demonstrate that, viewing the record in its totality, counsel did not provide meaningful representation (see Matter of Lewis v Cross, 80 AD3d 835, 837 [2011]; Matter of Templeton v Templeton, 74 AD3d 1513, 1513 [2010]).
Review of the father’s medical records upon this appeal discloses that, during the period at issue, the father had ongoing medical care and treatment for ongoing back problems, had a pending disability benefits claim for which he was awaiting a hearing, underwent a surgical block injection and had a second one planned. There were several documented periods in which he was directed not to work by his treating physicians for periods of between four and six weeks or for unspecified periods of time. Counsel submitted these subpoenaed medical records into evidence at the hearing, arguing that the records demonstrated that the father had been unable to work for much of the time since the 2012 order. However, these records were submitted in an unsorted mass and without the benefit of any corresponding testimony, explanation or development in any meaningful manner so as to aid Family Court in reviewing and determining the pertinent documentation of disability. The court made an effort to conduct a meaningful review of the records, which were found to contain certain deficiencies that counsel should have addressed prior to the hearing; counsel’s request for an adjournment to obtain medical testimony at that juncture was properly denied. Additionally, in the course of this review, when the court asserted that the records failed to reveal a “permanent disability,” counsel failed to object that this was an incorrect standard.
Ideally, medical testimony would be available and proffered; we are not unmindful of the real world difficulties and the attendant costs of obtaining such evidence, and that it is not currently possible to achieve this in every legal proceeding. Nonetheless, other methods of presenting pertinent medical evidence are available, for example, by obtaining a medical affidavit. At a minimum, an attorney may be expected to organize and present the disability documentation found within a medical file, accompanied with explanatory argument as to the legal significance of said documents. In this case, we find that the marshaling of the evidence was not adequate to appropriately present an available defense and, thus, fell below the requisite standard. We find that had the available proof been properly submitted, accompanied by appropriate legal arguments, the father may have been able to demonstrate support for his testimony that, for at least some parts of the relevant period, he was unable to work and, at a minimum, the resulting *1136 penalty might have been mitigated. Accordingly, we are persuaded by the father’s claim that counsel’s failure to present sufficient evidence regarding his medical condition and inability to work constituted ineffective assistance of counsel (see Matter of Templeton v Templeton, 74 AD3d at 1513; Matter of Martin v Martin, 46 AD3d 1243, 1246 [2007]).
Egan Jr., Lynch and Clark, JJ., concur. Ordered that the orders are reversed, on the law, without costs, and matter remitted to the Family Court of Ulster County for further proceedings not inconsistent with this Court’s decision.

. The total arrears — $17,344.15 at the time of the 2012 order — had increased to $22,968.37.

. The mother did not submit a brief upon the appeal, but did indicate her support of Family Court’s order in a letter.