In the Matter of ULSTER COUNTY SUPPORT COLLECTION UNIT, on Behalf of AMY LYNN HESS-COCKBURN, Respondent, v MICHAEL ANDREW OLIVER, Appellant. [22 NYS3d 707]—

Egan Jr., J. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered March 3, 2015, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.

Respondent is the noncustodial parent of two children (born in 1997 and 1999). In April 2009, respondent and the children's mother entered into a support order upon consent wherein respondent agreed to pay child support in the amount of $110 per week. Respondent never made a single child support payment and, in June 2014, petitioner commenced this proceeding upon behalf of the children's mother alleging that respondent had willfully violated the 2009 order of support. At the time the petition was filed, respondent's arrears totaled $31,900.

A fact-finding hearing was scheduled, and respondent was granted permission to appear via telephone. When the hearing convened, however, respondent could not be reached at the phone numbers he had provided and the Support Magistrate deemed him to be in default. After receiving testimony from one of petitioner's representatives as to the amount of the arrears then owing, the Support Magistrate found respondent to

be in willful violation of the prior order of support and recommended that he be incarcerated for six months. The matter then was referred to Family Court for a confirmation hearing, at which respondent appeared and testified. At the conclusion of the hearing in March 2015, Family Court, among other things, confirmed the Support Magistrate's determination finding respondent to be in willful violation of the underlying support order, and committed respondent to the Ulster County Jail for six months—purgeable by the sum of $36,667.88 (plus any additional accumulated arrears). Family Court further indicated that it would entertain an application to release respondent upon proof of a viable employment opportunity that would enable respondent to substantially reduce the sum owed. Respondent, who was taken into custody at the hearing and incarcerated, now appeals.

We affirm. Preliminarily, although respondent's period of incarceration presumably has ended, his challenge to Family Court's finding of a willful violation of the prior order of support is properly before us (*see Matter of St. Lawrence County Support Collection Unit v Chad T.*, 124 AD3d 1031, 1031 [2015]). Turning to the merits, "a parent is presumed to have the means to support his or her children" (*id.* at 1032; *see* Family Ct Act § 437), and proof of a failure to pay child support as ordered constitutes prima facie evidence of a willful violation (*see* Family Ct Act § 454 [3] [a]; *Matter of Madison County Commr. of Social Servs. v Felker*, 80 AD3d 1107, 1107-1108 [2011]; *Matter of Gorsky v Kessler*, 79 AD3d 746, 746 [2010]). "Once a prima facie showing has been made, the burden shifts to the party that owes the support to offer some competent, credible evidence of his or her inability to make the required payments" (*Matter of Gorsky v Kessler*, 79 AD3d at 746 [citations omitted]; *see Matter of St. Lawrence County Support Collection Unit v Chad T.*, 124 AD3d at 1031; *Matter of Boyle v Boyle*, 101 AD3d 1412, 1413 [2012]; *Matter of Lewis v Cross*, 80 AD3d 835, 837 [2011]).

Here, petitioner's representative testified—without contradiction—that respondent did not make a single child support payment since the support order was entered in April 2009, which was sufficient to establish respondent's willful violation thereof (*see Matter of Lewis v Cross*, 80 AD3d at 836). The burden then shifted to respondent to establish his claimed inability to pay. To that end, although respondent testified that he had registered with "a bunch of employment agencies" and "applied to a ton of different places" in an effort to obtain employment, his testimony in this regard was noticeably lacking in any level

of detail and—at best—demonstrated that he applied for 12 or 13 jobs over the course of the last six years. When questioned as to his earnings and/or earning capacity, respondent testified that, although he ran his own consulting company and previously was a licensed real estate broker and a licensed mortgage broker, his professional licenses had lapsed and his consulting business was failing, as a result of which he had been mowing lawns in order to earn pocket money. Respondent also testified that all of his living expenses were paid by his significant other and, further, that he and the children's mother verbally agreed that she would not seek child support in exchange for him relinquishing his interest in the residence they once owned. Hence, respondent's argument continued, he did not believe that he actually owed any child support. Respondent's assertion in this regard, however, is belied by the very existence of the 2009 support order, which was entered upon consent some six years after the alleged verbal agreement was reached. According due deference to the credibility determinations made by the Support Magistrate and Family Court (*see Matter of Wilson v LaMountain*, 83 AD3d 1154, 1156 [2011]; *Matter of Estrin v Yerry*, 80 AD3d 831, 832 [2011]), we discern no basis upon which to disturb the finding that respondent willfully violated the prior order of support.

Respondent's remaining contentions do not warrant extended discussion. Although respondent claims that he was denied the effective assistance of counsel due to counsel's failure to produce certain documents attesting to respondent's past earnings and/or job search efforts, we disagree. As noted previously, despite being afforded ample opportunity to relate his attempts to find suitable employment, respondent's testimony in this regard was vague, contradictory and entirely bereft of any details regarding, among other things, the nature of the employment sought and the period of time during which respondent was actively looking for work. Indeed, in light of respondent's testimony that he only applied for 12 or 13 jobs over the course of six years (*see Matter of Boyle v Boyle*, 101 AD3d at 1413), we are hard pressed to discern how the alleged documents would have aided respondent's efforts to demonstrate his inability to pay the required child support. Accordingly, viewing the record in its totality, we cannot say that respondent was denied meaningful representation (*compare Matter of Albert v Terpening*, 128 AD3d 1133, 1134-1135 [2015]; *Matter of Templeton v Templeton*, 74 AD3d 1513, 1513-1514 [2010]; *Matter of Martin v Martin*, 46 AD3d 1243, 1246-1247 [2007]).

Finally, respondent contends that his income is below federal

poverty guidelines and, therefore, Family Court erred in failing to cap his arrears at $500 (*see* Family Ct Act § 413 [1] [g]). In order to invoke the statutory cap, however, respondent was required "to make an application to modify, set aside or vacate" the 2009 support order (*Matter of Madison County Commr. of Social Servs. v Felker*, 80 AD3d at 1108 [internal quotation marks and citations omitted]), which he admittedly failed to do. Respondent's remaining contentions, including his assertion that Family Court abused its discretion in setting the purge amount, have been examined and found to be lacking in merit.

Peters, P.J., McCarthy, Devine and Clark, JJ., concur. Ordered that the order is affirmed, without costs.