■ In the Matter of LYNDA DE VIVO, Also Known as LYNDA BURRELL, Appellant, v FREDDIE L. BURRELL, Appellant. — Appeal from an order of the Family Court of Otsego County (Mogavero, Jr., J.), entered March 30, 1983, which awarded custody of the parties' two infant children to petitioner. ¶ Petitioner Lynda De Vivo and respondent Freddie Lee Burrell began living together in New York City in 1972. At that time, petitioner was divorced from her husband and had custody of two children of that marriage. Respondent was separated from his wife and four children and is still married. In 1975, a female child was born to the parties herein and the following year they moved to the Town of Unadilla, Otsego County, with the three children. In 1979, a male child was born. Thereafter, the relationship deteriorated, allegedly due to respondent's excessive drinking, and petitioner indicated her intention to leave with the children and return to her parents' home in Brooklyn. Respondent threatened petitioner with physical violence to coerce her to stay, and failing that, refused to permit her to leave with the children. Ultimately, with the assistance of the New York State Police, petitioner was able to leave, but without the two infants born to the parties. In February, 1982, respondent traveled to Brooklyn and forced petitioner to accompany him back to Unadilla. As a consequence of that act, respondent was convicted of menacing in Kings County Court and sentenced to a one-year term of probation with supervision transferred to Otsego County. ¶ In August, 1982, petitioner commenced this proceeding in Otsego County Family Court to obtain custody of the two children. After a hearing, at which respondent was represented by retained counsel, and before the court rendered its decision, an interim hearing was held to determine the admissibility of a one-hour-long tape that respondent mailed to petitioner. At this interim hearing, respondent was represented by assigned counsel, the services of retained counsel having been terminated by respondent. Respondent was questioned by his assigned counsel, petitioner's lawyer and the guardian ad litem of the children concerning his motives in mailing the tape to petitioner. A transcript of the tape was received in evidence. At another interim hearing, of which no record was kept, concerning an application by petitioner for visitation, respondent was represented by a second assigned counsel. Finally, by written decision dated March 29, 1983, custody of the two children was awarded to petitioner. This appeal by respondent ensued. ¶ A fair reading of respondent's brief does not reveal any attack on Family Court's findings of fact or conclusions of law, underpinning the decision and order awarding custody to petitioner. Rather, the sole thrust is that respondent was denied a fair hearing because of the ineffective assistance of counsel. ¶ Parties to a custody proceeding have a right to counsel, such counsel to be assigned if the party is indigent (Family Ct Act, §§ 261, 262). Such right would be meaningless unless the assistance of counsel is effective. The Court of Appeals in *People v Baldi* (54 NY2d 137) stated that trial tactics which terminate unsuccessfully do not automatically indicate ineffectiveness. As long as the evidence, the law and the circumstances as of the time of the representation reveal that the attorney provided meaningful representation, the constitutional requirement has been met. Here, during the course of the custody hearing, a question arose concerning the admissibility of a certain tape which respondent admits he mailed to petitioner. By memorandum dated September 29, 1982, the court stated, "The attorneys had agreed that either all or some of the tape will be transcribed and they will try to come to an agreement as to what they will submit to the Court; if they cannot agree they will come back into court on that issue." By letter dated December 24, 1982, respondent's retained counsel advised the court that the tape was admissible but that respondent would like an opportunity to explain the context of the statements. That opportunity was given to respondent and he was represented

by assigned counsel, respondent having discharged his retained counsel. At that interim hearing, the retained counsel did everything reasonably expected of competent counsel to elicit from respondent his reasons for making and mailing the tape. Similarly, at the second interim hearing concerning visitation, we see nothing ineffectual about the second assigned attorney's performance. ¶ In *People v Baldi* (*supra,* p 146), the Court of Appeals (citing to *People v Aiken,* 45 NY2d 394, and *United States v Fessel,* 531 F2d 1275) recognized that there have developed two standards appropriate for reviewing an attorney's effectiveness. They are whether the attorney's shortcomings were such as to render the "trial a farce and a mockery of justice" and whether the attorney exhibited "reasonable competence". Here, since respondent does not challenge the findings of fact that caused Family Court to award custody of the two infants to petitioner upon the requisite ground that it is in the best interest of the children to do so, we see no reason to set aside that result on the rather vague charges that the result would have been otherwise had the three lawyers who variously represented respondent performed in a manner more suitable to the nonprevailing party. Accordingly, we conclude that the custody hearings were not a "farce or mockery of justice" and, further, that counsel exhibited "reasonable competence". ¶ Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.