■ In the Matter of ERIN G. PATRICK G., Appellant.—In a child protective proceeding pursuant to Family Court Act article 10, the appeal is from (1) an order of the Family Court, Queens County (De Phillips, J.), dated April 16, 1986, which, following a fact-finding hearing, found the appellant had committed sexual abuse in the first degree against his daughter Erin G., and (2) a dispositional order of the same court, dated May 27, 1986, which directed Patrick G. to remain away from his daughter until her eighteenth birthday.

Ordered that the appeal from the order dated April 16, 1986, is dismissed, as that order was superseded by the order dated May 27, 1986; and it is further,

Ordered that the order dated May 27, 1986 is affirmed, without prejudice to the appellant's application for supervised visitation with his daughter, if he be so advised; and it is further,

Ordered that the respondent and the Law Guardian are awarded one bill of costs.

The petition in this child abuse case alleged that the appellant Patrick G. sexually abused his then 3½-year-old daughter Erin within the meaning of the Penal Law. A fact-finding hearing was held on March 3, 1986. The record of the fact-finding hearing includes testimony of Erin's aunt, mother and baby-sitter as to out-of-court statements by Erin which described the acts of sexual abuse committed by the appellant and the testimony of a social worker, a caseworker with the

New York City Special Services for Children and a psychiatrist that Erin had repeated similar statements to them. Anatomically correct dolls and pictures were utilized to assist Erin in explaining the acts of abuse. The professional opinion of both the social worker and the psychiatrist was that Erin had been sexually abused by the appellant. In sum, their respective opinions were based upon the consistency of Erin's accounts of the acts of abuse characterized as unusual for a child her age, the symptoms of acute anxiety and emotional distress Erin exhibited which were characteristic of a sexually abused child and the fact that it was unlikely that a 3½-year-old child had fabricated incidents of sexual activity or had been brainwashed into rendering such accounts. Erin, examined in camera under oath, demonstrated for the court with the help of anatomically correct dolls the nature of the acts committed by the appellant.

The appellant denied all allegations that he had sexually abused his daughter, attributing the accusations to his ex-wife's feeling of animosity toward him. Neither of the expert witnesses called by the appellant could determine whether Erin had been sexually abused. Significantly, however, one of the appellant's expert witnesses conceded that Erin's statements were far too elaborate and consistent to have been the product of brainwashing or fabrication.

The Family Court made a fact finding that the appellant had sexually abused his daughter. On May 27, 1986, following a dispositional hearing, the court entered an order of protection against the appellant requiring him to stay away from Erin until she reached her eighteenth birthday. This appeal ensued.

The appellant challenges the sufficiency of the evidence to support the finding of abuse claiming that Erin's testimony lacked the requisite corroboration. We find no merit to this contention. Upon our review of the record, we conclude that the Family Court's finding of abuse is supported by a preponderance of the evidence (see, Matter of Nicole V., 71 NY2d 112, 117; Matter of Tammie Z., 66 NY2d 1, 3). The unsworn out-of-court statements of the child regarding her father's conduct were admissible at the fact-finding hearing and, if properly corroborated by "[a]ny other evidence tending to support [their] reliability", would sustain a fact finding of abuse or neglect (Family Ct Act § 1046 [a] [vi]; Matter of Nicole V., supra, at 118; Matter of Linda K., 132 AD2d 149). We find Erin's sworn in camera testimony and her demonstration of the acts of sexual abuse committed by the appellant were

sufficient to corroborate her out-of-court statements *(see, Matter of Tina H.,* 123 AD2d 864; *Matter of Fawn S.,* 123 AD2d 871; *Matter of Dana F.,* 113 AD2d 939). There was also additional corroboration in the validation evidence elicited from the expert witnesses *(see, Matter of Nicole V., supra,* at 120-122; *Matter of Linda K., supra)* and the testimony of Erin's mother and aunt concerning the child's behavioral changes *(see, Matter of Ryan D.,* 125 AD2d 160).

We are similarly unpersuaded by the appellant's claim that his former attorney's representation of him at the fact-finding hearing was ineffective and mandates that the fact-finding and dispositional orders be vacated. The right to counsel in a child protective proceeding under Family Court Act article 10 is guaranteed by statute (Family Ct Act § 262 [a] [i]). Although we have had no occasion to address the issue of ineffectiveness of counsel in this context, we concur in the opinion of our colleagues in the Appellate Division, Third Department, that "[s]uch right would be meaningless unless the assistance of counsel is effective" *(Matter of De Vivo v Burrell,* 101 AD2d 607). Moreover, because of the potentially drastic consequences of a child protective proceeding, we believe the statutory right to counsel under Family Court Act § 262 affords protections equivalent to the constitutional standard of effective assistance of counsel afforded defendants in criminal proceedings *(see, Matter of De Vivo v Burrell, supra).* Applying that standard of review to the appellant's claim of ineffective assistance, we conclude that appellant's attorney afforded him meaningful representation thereby satisfying the constitutional standard *(see, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137).

Lastly, we decline to interfere with the Family Court's exercise of discretion in entering an order of protection against the appellant. Admittedly, the protective order issued in this proceeding is rather extensive. Nevertheless, Family Court Act § 1056, which governs the issuance of orders of protection contains no specification as to the duration of such orders. Family Court Act § 1056 simply provides that an order of protection be made for a "specified time" *(see,* Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1056, at 455). In rejecting the appellant's contention that the order of protection constituted unduly harsh punishment, we observe that the Family Court at the dispositional hearing stated that the order of protection was subject to a subsequent application for modification to permit visitation upon a showing that the resumption of visitation

would not be detrimental to Erin but rather would be in her best interests. Mollen, P. J., Thompson, Lawrence and Weinstein, JJ., concur.