■ In the Matter of ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of KENYA McM., Respondent, v LEROY W. et al., Appellants. [618 NYS2d 552] —In a proceeding pursuant to Social Services Law § 384-b to adjudicate the subject children to be permanently neglected children and to terminate parental rights, the natural mother appeals from a dispositional order of the Family Court, Rockland County (Stanger, J.), dated January 22, 1993, which, after a fact-finding hearing, (1) terminated her parental rights with respect to Kenya, Carolyn, and Shakeeta, and committed them to the custody of the Rockland County Department of Social Services for purposes of adoption, and (2) suspended judgment for one year in reference to her parental rights of Marcus, and the natural father appeals from so much of the same order as terminated his parental rights with respect to Kenya, Carolyn, and Shakeeta, and committed them to the custody of the Rockland County Department of Social Services for purposes of adoption.

Ordered that the order is affirmed, without costs or disbursements.

The instant proceeding was commenced by the filing of permanent neglect petitions by the agency against the mother and father alleging that they had permanently neglected their children Kenya, Carolyn, and Shakeeta. The petitioner also filed a permanent neglect petition against the mother, alleging that she had permanently neglected her child Marcus.

Contrary to the parents' contentions, the petitioner satisfied its burden of proving permanent neglect by failing to plan for the future of the children despite the diligent efforts by the agency to encourage and reunite them *(see,* Social Services Law § 384-b; *Matter of Star Leslie W.,* 63 NY2d 136; *Matter of S. Children,* 183 AD2d 417).

Further, under the totality of the circumstances, it cannot be said that the mother was denied the effective assistance of counsel *(see, Matter of Erin G.,* 139 AD2d 737, 739).

The mother's remaining contention is without merit. Bracken, J. P., Lawrence, Santucci and Goldstein, JJ., concur.