■ In the Matter of STATE OF NEW YORK, Respondent, v WAYNE J., Appellant. [7 NYS3d 529]—

In a proceeding pursuant to Mental Hygiene Law article 10, Wayne J., a sex offender allegedly suffering from a mental abnormality and requiring civil management, appeals from an order of the Supreme Court, Westchester County (Cacace, J.), dated October 11, 2013, which, upon a finding, upon consent, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and a determination, upon consent, that he is a sex offender requiring strict and intensive supervision, in effect, granted the petition and directed that he be subject to a regimen of strict and intensive supervision and treatment.

Ordered that the order is affirmed, without costs or disbursements.

In May 2010, prior to the appellant's anticipated release from a correctional facility, the petitioner filed an order to show cause and petition pursuant to Mental Hygiene Law article 10, alleging that the appellant is a sex offender requiring civil management. After a finding that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), the appellant consented to a determination that he is a sex offender requiring strict and intensive supervision and treatment (hereinafter SIST). After hearing arguments as to the regimen of SIST to be imposed, the Supreme Court, in effect, granted the Mental Hygiene Law article 10 petition and imposed the regimen. The appellant contends that the Supreme Court should not have accepted his consent to a determination that he is a sex offender requiring SIST and instead should have conducted a full dispositional hearing.

Mental Hygiene Law article 10, the main component of the Sex Offender Management and Treatment Act, "establishes the standards and procedures governing the civil management of sex offenders" (Governor's Program Bill Mem No. 8, Bill Jacket, L 2007, ch 7 at 5; *see Matter of State of New York v Claude McC.*, 122 AD3d 65, 69 [2014]). Mental Hygiene Law article 10 provides that where, as here, it is determined that a person is a detained sex offender who suffers from a mental abnormality, "the court shall consider whether the [person] is a dangerous sex offender requiring confinement or a sex offender requiring [SIST]" (Mental Hygiene Law § 10.07 [f]). The statute further provides that, at this phase of the proceeding, "[t]he parties *may* offer additional evidence, and the court shall hear argument, as to that issue" (Mental Hygiene Law § 10.07 [f] [emphasis added]). Contrary to the appellant's contention, the statute does not mandate a dispositional hearing. Thus, it was

not improper for the Supreme Court to accept the appellant's decision to not offer additional evidence and to accept his consent to a determination that he is a sex offender requiring SIST (*see* Mental Hygiene Law § 10.07 [f]; *Matter of State of New York v James Z.*, 97 AD3d 1046, 1047 [2012]). Skelos, J.P., Chambers, Maltese and Duffy, JJ., concur.