■ In the Matter of ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of CHANA ABELS, Respondent, v BARRY SHISGAL, Appellant. [27 NYS3d 673]—

Appeals from (1) an order of disposition of the Family Court, Rockland County (Catherine M. Miklitsch, S.M.), dated February 23, 2015, (2) findings of fact of that court also dated February 23, 2015, (3) an order of that court dated February 23, 2015, directing entry of a money judgment, (4) a second order of that court dated February 23, 2015, directing entry of a money judgment, (5) a corrected order of disposition of that court dated April 23, 2015, (6) an amended findings of fact of that court also dated April 23, 2015, and (7) an order of that court (Sherri L. Eisenpress, J.), entered April 29, 2015. The order of disposition dated February 23, 2015, after a hearing, inter alia, found the father in willful violation of a prior order of child support and recommended that he be incarcerated. The first order dated February 23, 2015, directed the entry of a money judgment in favor of the mother and against the father for child support arrears in the principal sum of $15,860. The second order dated February 23, 2015, directed the entry of a money judgment in favor of the Rockland County Department of Social Services and against the father in the principal sum of $1,993.92. The corrected order of disposition dated April 23,

2015, inter alia, made the same finding as the order of disposition dated February 23, 2015, that the father was in willful violation of a prior order of child support and recommended that he be incarcerated. The order entered April 29, 2015, denied the objections of the father to the order of disposition dated February 23, 2015, and the corrected order of disposition dated April 23, 2015, and, in effect, confirmed the Support Magistrate's finding that the father was in willful violation of the child support order.

Ordered that the appeals from the order of disposition dated February 23, 2015, and the corrected order of disposition dated April 23, 2015, are dismissed, without costs or disbursements, as those orders were superseded by the order entered April 29, 2015; and it is further,

Ordered that the appeals from the findings of fact dated February 23, 2015, and the amended findings of fact dated April 23, 2015, are dismissed, without costs or disbursements, as no appeals lie therefrom (*see Soehngen v Soehngen*, 58 AD3d 829 [2009]); and it is further,

Ordered that the orders dated February 23, 2015 directing the entry of money judgments are affirmed, without costs or disbursements; and it is further

Ordered that the order entered April 29, 2015 is affirmed, without costs and disbursements.

On September 11, 2014, the Rockland County Commissioner of Social Services filed a petition on behalf of the mother alleging that the father failed to obey an order of the Family Court dated March 26, 2014, directing him to pay her support for the parties' five children. After a hearing, a Support Magistrate, in an order of disposition and a corrected order of disposition, inter alia, found the father in willful violation of the child support order and recommended that he be incarcerated. The Family Court denied the father's objections to the Support Magistrate's orders, and, in effect, confirmed the Support Magistrate's finding that he was in willful violation of the child support order.

The Family Court properly denied the father's objections and, in effect, confirmed the Support Magistrate's finding, made after a hearing, that he willfully violated the child support order. The finding is entitled to great deference on appeal (*see Matter of VanBeers v VanBeers*, 129 AD3d 1095, 1095 [2015]). Prima facie evidence of willfulness was established by the father's failure to comply with the support order (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]; *Matter of McMinn v Taylor*, 118 AD3d 887, 888

[2014]). The burden then shifted to the father to offer competent, credible evidence of his inability to make the required payments (*see Matter of Powers v Powers*, 86 NY2d at 69-70). The father, whom the Support Magistrate found lacked credibility in his testimony regarding his search for employment, failed to meet this burden. Although the father claimed that he was unemployed and impecunious, he failed to present competent, credible evidence that he had actively sought employment sufficient to rebut the mother's prima facie showing (*see Matter of McMinn v Taylor*, 118 AD3d at 888; *Matter of Rhodes v Nelson*, 113 AD3d 864, 865 [2014]; *Matter of Logue v Abell*, 97 AD3d 582, 583 [2012]; *Matter of Vasconcellos v Vasconcellos*, 37 AD3d 613, 613 [2007]).

As to the father's claim that he received ineffective assistance of counsel, in the context of civil litigation, such a claim will not be entertained where, as here, extraordinary circumstances are absent (*see Matter of Ferrara v Ferrara*, 52 AD3d 599, 600 [2008]; *Matter of Cichosz v Cichosz*, 12 AD3d 598, 599 [2004]; *Matter of Ketcham v Crawford*, 1 AD3d 359, 361 [2003]).

The father's remaining contentions either are not properly before this Court, or are without merit. Balkin, J.P., Roman, Cohen and Hinds-Radix, JJ., concur.