■ In the Matter of STATE OF NEW YORK, Respondent, v WAYNE J., Appellant. [53 NYS3d 82]—

Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated April 29, 2015 (*Matter of State of New York v Wayne J.*, 127 AD3d 1211 [2015]), affirming an order of the Supreme Court, Westchester County, dated October 11, 2013.

Ordered that the application is denied, without costs or disbursements.

On November 8, 1989, the appellant was sentenced to an aggregate term of imprisonment of 12½ to 25 years on his convictions of sodomy in the first degree and sexual abuse in the first degree. In May 2013, prior to his anticipated release, the Office of the New York State Attorney General filed an order to show cause and petition pursuant to Mental Hygiene Law article 10,

alleging that the appellant was a sex offender requiring civil management. After a probable cause hearing, the Supreme Court found that there was probable cause to believe that the appellant was a sex offender requiring civil management.

After a finding, upon consent, that the appellant suffered from a mental abnormality, the appellant waived a dispositional hearing and consented to a determination that he is a sex offender requiring strict and intensive supervision and treatment (hereinafter SIST). Thereafter, in an order dated October 11, 2013, the Supreme Court, in effect, granted the Mental Hygiene Law article 10 petition and directed that the appellant be subject to a regimen of SIST (*see Matter of State of New York v Wayne J.*, 127 AD3d 1211, 1212 [2015]). The appellant appealed, arguing that the court should not have accepted his consent to a determination that he is a sex offender requiring SIST and, instead, should have conducted a full dispositional hearing (*see id.* at 1212). In a decision and order dated April 29, 2015, this Court affirmed the order (*see id.*). Now, the appellant seeks a writ of error coram nobis to vacate this Court's decision and order on the ground that his appellate counsel was ineffective for failing to raise the additional argument that there were defects in the probable cause hearing.

As a threshold matter, we must decide whether coram nobis relief is available to a respondent who has appealed from a dispositional order in a Mental Hygiene Law article 10 proceeding, which proceeding is "of a civil rather than a criminal nature" (*Matter of State of New York v Adrien S.*, 114 AD3d 862, 865 [2014]; *see Matter of State of New York v Floyd Y.*, 22 NY3d 95, 103 [2013]; *Matter of State of New York v Ted B.*, 132 AD3d 28, 38 [2015]).

Generally, in the context of civil litigation, an attorney's errors or omissions are binding on the client and a claim of ineffective assistance of counsel will not be entertained in the absence of extraordinary circumstances (*see Matter of Rockland County Dept. of Social Servs. v Shisgal*, 137 AD3d 1150, 1152 [2016]; *Matter of Ketcham v Crawford*, 1 AD3d 359, 361 [2003]; *Olmstead v Federated Dept. Stores*, 208 AD2d 979, 982 [1994]). However, a respondent in a Mental Hygiene Law article 10 proceeding has a statutory right to counsel (*see* Mental Hygiene Law § 10.06 [c], [d]; *Matter of State of New York v Raul L.*, 120 AD3d 52, 63 [2014]) and, as in proceedings pursuant to the Sex Offender Registration Act (Correction Law art 6-C) and certain Family Court proceedings, the consequences of an unfavorable determination in these particular civil proceedings are uniquely severe (*see Matter of State of New York v Raul L.*, 120 AD3d at

62; *Matter of State of New York v Campany*, 77 AD3d 92, 98 [2010]). Indeed, a respondent in a Mental Hygiene Law article 10 proceeding "arguably faces an even more severe threat to his or her liberty than that faced by a criminal defendant. When successfully litigated by the State, such a proceeding can result in civil confinement, after a respondent is released from prison, which is involuntary and indefinite, and can last the remainder of a respondent's life" (*Matter of State of New York v Raul L.*, 120 AD3d at 63, citing Mental Hygiene Law § 10.09). Further, a respondent's statutory right to counsel in a Mental Hygiene Law article 10 proceeding would be eviscerated if counsel were ineffective (*see People v Bowles*, 89 AD3d 171, 178 [2011]; *Matter of State of New York v Campany*, 77 AD3d at 98-99). Thus, a claim of ineffective assistance of counsel may be raised in a Mental Hygiene Law article 10 proceeding (*see Matter of State of New York v Raul L.*, 120 AD3d at 62-63; *Matter of State of New York v Timothy BB.*, 113 AD3d 18, 23 [2013]; *Matter of State of New York v Carter*, 100 AD3d 1438, 1438 [2012]; *Matter of State of New York v Campany*, 77 AD3d at 98-99), and a respondent in such a proceeding who has taken an appeal may apply for coram nobis relief on the ground that his or her appellate counsel was ineffective (*see generally People v Turner*, 5 NY3d 476, 478 [2005]).

Nonetheless, under all the circumstances present in this case, the appellant has failed to establish that he was denied the effective assistance of appellate counsel on the ground that his counsel did not challenge alleged defects in the probable cause hearing (*see generally People v Stultz*, 2 NY3d 277 [2004]). Significantly, the appellant made an admission that he suffered from a "mental abnormality" (Mental Hygiene Law § 10.03 [i]; *see Matter of State of New York v Wayne J.*, 143 AD3d 834 [2016]; *cf. Matter of State of New York v Jason H.*, 82 AD3d 778, 779 [2011]), and consented to a determination that he is a sex offender requiring SIST (*see Matter of State of New York v Wayne J.*, 127 AD3d at 1212). Chambers, J.P., Cohen, Maltese and Duffy, JJ., concur.