■ In the Matter of NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of NATIA SHANTAY CORRINE MILLER, Respondent, v BARRY DOUGLAS JOSEPH KING, JR., Appellant. [53 NYS3d 130]——

Appeal by the father from an order of commitment of the Family Court, Nassau County (Merik R. Aaron, J.), dated July 27, 2015. The order of commitment confirmed an order of that court (Tomasina C. Mastroianni, S.M.), also dated July 27, 2015, made after a hearing, finding that the father willfully violated a prior order of support, and committed him to the custody of the Nassau County Correctional Facility for a period of 14 days, unless he paid a purge amount of $2,000.

Ordered that the order of commitment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for further proceedings in accordance herewith.

In October 2014, the Nassau County Department of Social Services (hereinafter DSS) commenced this proceeding on behalf of the mother alleging that the father was in violation of an order of support issued in 2013 directing him to pay $256 biweekly to support the parties' child. On January 20, 2015, following an adjournment for personal service upon the father, the parties appeared before the Support Magistrate. The Support Magistrate advised the father of his right to an attorney, and offered to adjourn the matter for the father to hire an attorney; the father declined. Following several more adjournments, the father was assigned counsel and a fact-finding hearing commenced on July 15, 2015.

At the hearing, the father testified that he was unable to work due to mental illness. The father provided no medical proof to support his claim that he was unable to work, nor did he provide a financial disclosure affidavit or any other proof of expenses, earnings, or assets. The Support Magistrate found

the father to be in willful violation of the order of support, established arrears in the sum of $12,481.77, recommended a period of incarceration, and referred the proceeding to the Family Court for confirmation. Thereafter, the Family Court, by order dated July 27, 2015, confirmed the Support Magistrate's finding of willfulness and directed that the father be incarcerated for a period of 14 days unless he paid a purge amount of $2,000. The father appeals.

The father contends that he was deprived of the effective assistance of counsel. Evaluating a claim of ineffective assistance of counsel in the context of a support proceeding, such as this one, in which one party seeks to hold the other in contempt or in willful violation of a prior order of support necessarily requires that we determine the proper standard to be applied.

Generally, in the context of civil litigation, a claim of ineffective assistance of counsel will not be entertained absent extraordinary circumstances (*see e.g. HBJOBaron Assoc. v Leahing*, 142 AD3d 585 [2016]; *Nugent v Diocese of Rockville Ctr.*, 137 AD3d 760 [2016]). Moreover, in the past, this Court has evaluated claims of ineffective assistance of counsel in some Family Court matters without drawing a distinction between those proceedings in which parties have a right to counsel pursuant to Family Court Act § 262 and those in which the parties do not have a statutory right to counsel (*see e.g. Matter of Rockland County Dept. of Social Servs. v Shisgal*, 137 AD3d 1150, 1152 [2016]; *Matter of Ferrara v Ferrara*, 52 AD3d 599, 600 [2008]; *Matter of Ketcham v Crawford*, 1 AD3d 359, 361 [2003]).

Nonetheless, we recognize that certain Family Court proceedings, although civil in nature, implicate constitutional due process considerations because they involve issues relating to the custody and welfare of children, or can potentially result in incarceration. We also note that sections 261 and 262 of the Family Court Act recognize that parties in certain Family Court proceedings have a right to counsel, and provide a mechanism to ensure that those parties are fully advised of the right to counsel, including the right to assignment of counsel for those who are indigent (*see* Family Ct Act §§ 261, 262). Significantly, the statutory right to counsel under Family Court Act § 262 affords protections equivalent to the constitutional standard of effective assistance of counsel afforded to defendants in criminal proceedings (*see Matter of Erin G.*, 139 AD2d 737, 739 [1988]; *Matter of De Vivo v Burrell*, 101 AD2d 607, 607 [1984]).

With respect to this proceeding, Family Court Act § 262 (a)

(vi) extends the right to counsel to "any person in any proceeding . . . in which an order or other determination is being sought to hold such person . . . in willful violation of a previous order of the court," because such persons potentially may be incarcerated. The possibility of incarceration exists where a party fails to comply with a support order, since Family Court Act § 454 (3) authorizes the court, upon a finding that a respondent "has willfully failed to obey any lawful order of support," to "commit the respondent to jail for a term not to exceed six months."

The statutory right to counsel afforded under Family Court Act § 262 (a) (vi) would be "meaningless unless the assistance of counsel is effective" (*Matter of De Vivo v Burrell*, 101 AD2d at 607). Accordingly, in support proceedings such as this one in which a party faces the potential of imprisonment and has a statutory right to counsel, we hold that the appropriate standard to apply in evaluating a claim of ineffective assistance is the meaningful representation standard. To the extent that our decisions provide contrary authority as to the standard of review for a claim of ineffective assistance, they should not be followed (*see e.g. Matter of Rockland County Dept. of Social Servs. v Shisgal*, 137 AD3d 1150 [2016]; *Matter of Ferrara v Ferrara*, 52 AD3d 599 [2008]; *Matter of Ketcham v Crawford*, 1 AD3d 359 [2003]).

Applying this standard to the father's claim of ineffective assistance, we find that counsel for the father failed to provide meaningful representation to the father in the support proceeding (*see Matter of Albert v Terpening*, 128 AD3d 1133, 1135-1136 [2015]; *Matter of Templeton v Templeton*, 74 AD3d 1513, 1514 [2010]; *Matter of Martin v Martin*, 46 AD3d 1243, 1246-1247 [2007]). The father's defense to the allegation that he willfully violated the order of child support turned on the success of his claim that he was unable to work due to his mental illness. Notably, more than a month before the hearing, the Support Magistrate indicated that the father would have to submit medical proof at the hearing to refute the presumption of a willful failure to comply with the order of support. However, notwithstanding the father's contention that he was being treated by a mental health professional, his counsel failed to procure any of the father's medical documents relating to such treatment in order to support his claim. The father's counsel also failed to call any witnesses to testify as to the effects of the father's mental illness, subpoena his treating mental health professional, or otherwise ensure the availability of the father's treating medical professional as a witness on the

trial date. The Support Magistrate made specific reference to the lack of medical evidence in its decision, finding that the father had not refuted the mother's prima facie showing of willfulness (*see Matter of Martin v Martin*, 46 AD3d at 1247).

The father's counsel was, or should have been, aware that the father's medical condition would be an issue at the hearing as she was informed of such more than a month before the hearing—the father's counsel was present in court when the Support Magistrate indicated that the father would have to submit medical proof at the hearing in order to rebut the presumption of willfulness and support his contention that he was unable to work. Notably, however, the first time the father's counsel even addressed the issue of medical proof was *after* the hearing on willfulness was completed and during the confirmation proceeding before the Family Court; counsel argued that no medical proof had been submitted at the hearing because counsel had a problem subpoenaing the father's doctor. Counsel claimed that the subpoena was returned to her office and she had not had enough time to continue to subpoena. Nonetheless, the record reflects that the father's counsel had not asked the Support Magistrate to adjourn the hearing, nor did the father's counsel seek court intervention to enforce any issued subpoena.

Counsel's failure to obtain relevant medical information that may have supported the father's contention, together with the failure to seek an adjournment of the hearing or court intervention to obtain such information, constituted a failure to meaningfully represent the father, and he is entitled to a new hearing on the violation petition (*see id.*).

Accordingly, the order of commitment is reversed, and the matter is remitted to the Family Court, Nassau County, for a new hearing on the violation petition, and a new determination thereafter. Balkin, J.P., Austin, Sgroi and Duffy, JJ., concur.