Matter of Ricardo T. (Ricardo T.) (2019 NY Slip Op 03347)





Matter of Ricardo T. (Ricardo T.)


2019 NY Slip Op 03347


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
RUTH C. BALKIN
JOSEPH J. MALTESE, JJ.


2018-03648
 (Docket No. B-708-13)

[*1]In the Matter of Ricardo T. (Anonymous), Jr. Orange County Department of Social Services, petitioner-respondent; Ricardo T. (Anonymous), Sr., respondent-appellant, et al., respondent.


Geoffrey E. Chanin, Goshen, NY, for respondent-appellant.
Langdon C. Chapman, County Attorney, Goshen, NY (Peter R. Schwarz of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of the Family Court, Orange County (Carol S. Klein, J.), dated February 2, 2018. The order denied the father's motion to vacate an order of fact-finding and disposition of the same court entered March 7, 2014, which found that he permanently neglected the subject child, terminated his parental rights, and transferred guardianship and custody of the subject child to the Orange County Department of Social Services for the purpose of adoption.
ORDERED that the order dated February 2, 2018, is reversed, on the law, without costs or disbursements, the father's motion to vacate the order of fact-finding and disposition is granted, and the matter is remitted to the Family Court, Orange County, for further proceedings in accordance herewith.
"A respondent in a proceeding pursuant to Social Services Law § 384-b has the right to the assistance of counsel (see Family Ct Act § 262[a][iv]), which encompasses the right to the effective assistance of counsel" (Matter of Deanna E. R. [Latisha M.], 169 AD3d 691, 692). "[T]he statutory right to counsel under Family Court Act § 262 affords protections equivalent to the constitutional standard of effective assistance of counsel afforded to defendants in criminal proceedings" (Matter of Nassau County Dept. of Social Servs. v King, 149 AD3d 942, 943). Further, "certain Family Court proceedings, although civil in nature, implicate constitutional due process considerations because they involve issues relating to the custody and welfare of children" (id. at 943).
Here, the father demonstrated that his assigned counsel's failure to timely file a notice of appeal from the order of fact-finding and disposition constituted ineffective assistance of counsel. Under the circumstances of this case, reversal of the order appealed from is warranted, and we grant the father's motion to vacate the order of fact-finding and disposition and remit the matter to the Family Court, Orange County. Upon remittitur, the court should issue a replacement order of fact-finding and disposition so that the father's time to appeal will run anew.
MASTRO, J.P., RIVERA, BALKIN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court