Matter of Miller v DiPalma (2020 NY Slip Op 00140)





Matter of Miller v DiPalma


2020 NY Slip Op 00140


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2019-04262
 (Docket No. F-00622-15/18E)

[*1]In the Matter of Diane B. Miller, respondent,
v
Vincent J. DiPalma, appellant.


Dawn M. Shammas, Harrison, NY, for appellant.
Kelli M. O'Brien, Goshen, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act Article 4, the father appeals from an order of commitment of the Family Court, Orange County (Christine P. Krahulik, J.), dated April 9, 2019. The order confirmed an order of the same court, also dated April 9, 2019, made after a hearing, finding that the father willfully violated a prior order of child support, and committed him to the custody of the Orange County Jail for a term of three months unless he paid a certain purge amount.
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the Orange County Jail for a term of three months is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of commitment is reversed insofar as reviewed, on the law, without costs or disbursements, the order dated April 9, 2019, finding that the father willfully violated a prior order of child support is vacated, and the matter is remitted to the Family Court, Orange County, for a new hearing and a new determination of the petition thereafter in accordance herewith.
The appeal from so much of the order of commitment as committed the father to the custody of the Orange County Jail for a term of three months must be dismissed as academic, as the period of incarceration has expired. However, in light of the enduring consequences which could flow from the determination that the father violated a prior order of child support, the appeal from so much of the order of commitment as confirmed the determination that the father was in willful violation of the order of child support is not academic (see Matter of Schad v Schad, 158 AD3d 705, 706).
We agree with the father that he was deprived of the effective assistance of counsel at a hearing on the mother's petition for violation of an order of child support. In support proceedings such as this one, "the appropriate standard to apply in evaluating a claim of ineffective assistance is the meaningful representation standard" (Matter of Nassau County Dept. of Social Servs. v King, 149 AD3d 942, 944). Here, the father's defense at the hearing was that because of a back injury, he was unable to continue working as a mail carrier beginning in January 2018 and that, prior to obtaining a new position at the post office in March 2019, he searched for different work. [*2]Notably, despite being advised on multiple occasions that the father was required to provide a financial disclosure affidavit, tax forms, proof that he was diligently searching for employment, and certified medical records, counsel failed to procure the father's medical records or provide the court with any relevant financial documentation. The father's counsel also failed to call any witnesses to testify as to the effects of the father's back injury, subpoena his treating physician, or obtain a medical affidavit. The Family Court made specific reference to the lack of any credible medical testimony, financial disclosure affidavit, tax returns, or proof of a job search in its determination that the father failed to refute the mother's prima facie showing of willfulness. Counsel's failure to obtain relevant medical information or to procure financial and job search records that may have supported the father's contention constituted a failure to meaningfully represent the father, and he is entitled to a new hearing on the violation petition (see id. at 944; Matter of Albert v Terpening, 128 AD3d 1133, 1135).
In light of our determination, we need not reach the father's remaining contentions.
RIVERA, J.P., CHAMBERS, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court