Winter v Winter (2021 NY Slip Op 03865)





Winter v Winter


2021 NY Slip Op 03865


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2019-03034 
2019-03035
2019-03036
 (Index No. 21546/09)

[*1]Ronald A. Winter, appellant,
v
Nancy . Winter, respondent.


Ronald A. Winter, West Babylon, NY, appellant pro se.
Nancy W. Winter, St. Louis, Missouri, respondent pro se.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (John J. Leo, J.), dated November 20, 2018, (2) an order of the same court dated November 21, 2018, and (3) an order of the same court dated January 9, 2019. The order dated November 20, 2018, insofar as appealed from, after a hearing, granted that branch of the defendant's cross motion which was to hold the plaintiff in contempt for wilful violation of an order of support of the same court (Joseph C. Pastoressa, J.) dated June 19, 2013. The order dated November 21, 2018, insofar as appealed from, granted the defendant's motion for an award of attorneys' fees in the sum of $5,000 and denied the plaintiff's cross motion for leave to reargue his opposition to the defendant's prior cross motion, inter alia, to hold him in contempt. The order dated January 9, 2019, granted the defendant's separate motion for an award of attorneys' fees in the sum of $1,000.
ORDERED that the order dated November 20, 2018, is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith; and it is further,
ORDERED that appeal from so much of the order dated November 21, 2018, as denied the plaintiff's cross motion for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated November 21, 2018, is reversed insofar as reviewed, on the law, without costs or disbursements, and the defendant's motion for an award of attorneys' fees is denied; and it is further,
ORDERED that the order dated January 9, 2019, is reversed, on the law, without costs or disbursements, and the defendant's separate motion for an award of attorneys' fees is denied.
The parties were divorced by judgment dated March 20, 2010. In an order dated June 19, 2013 (hereinafter the 2013 order), the Supreme Court directed the plaintiff to pay child support for the parties' unemancipated son. In 2018, the defendant cross-moved, inter alia, to hold the plaintiff in contempt for wilful violation of the 2013 order. In opposition, the plaintiff admitted that [*2]he owed arrears, but contended that his failure to pay in accordance with the 2013 order was not wilful as it arose out of his inability to work due to his medical condition. After a hearing on the issue, the court determined that the plaintiff was in wilful violation of the 2013 order, noting, in part, that the plaintiff offered no medical evidence to support his claim that he was unable to pay child support due to his medical condition, which he contended prevented him from being able to work during the relevant period. In an order dated November 20, 2018, the court, inter alia, granted that branch of the defendant's cross motion which was to hold the plaintiff in contempt for wilful violation of the 2013 order.
Thereafter, in an order dated November 21, 2018, the Supreme Court, among other things, granted the defendant's motion for an award of attorneys' fees incurred in connection with her prior cross motion, inter alia, to hold the plaintiff in contempt in the sum of $5,000, and denied the plaintiff's cross motion for leave to reargue his opposition to the defendant's prior cross motion. In an order dated January 9, 2019, the court, inter alia, granted the defendant's separate motion for an award of attorneys' fees incurred by the defendant in opposing the plaintiff's cross motion for leave to reargue in the sum of $1,000. The plaintiff appeals.
The plaintiff was denied effective assistance of counsel in connection with that branch of the defendant's cross motion which was to hold him in contempt for wilful violation of the 2013 order. Under Judiciary Law § 35(8), a person has the right to the assistance of counsel in any matter before the Supreme Court, under circumstances whereby, if such proceeding was pending in the Family Court, such court would be required, by section 262 of the Family Court Act, to appoint counsel, such as the matter here in which the defendant sought to hold the plaintiff in contempt for wilful violation of the 2013 order and sought his incarceration (see Judiciary Law § 35[8]; Family Ct Act § 262). The standard for effective assistance of counsel in such cases is whether, viewed in its totality, there was meaningful representation (see Matter of Miller v DiPalma, 179 AD3d 696, 697; Matter of Nassau County Dept. of Social Servs. v King, 149 AD3d 942, 945). Here, the plaintiff's attorney failed to present any medical evidence, whether in the form of admissible medical records or testimony of medical witnesses, to support the plaintiff's defense that his failure to pay child support in accordance with the 2013 order was not wilful, but rather due to his medical condition which rendered him unable to work. In fact, the court sustained the defendant's objections to the plaintiff's testimony concerning the impact of medications he was taking on his ability to work on the ground that such testimony should come from a medical professional, and informed the plaintiff that the lack of medical evidence could affect the weight the court would give to his testimony about his medical condition. Under these circumstances, the failure of the plaintiff's attorney to obtain the relevant medical information that may have supported the plaintiff's defense constituted a failure to meaningfully represent the plaintiff, and the plaintiff is therefore entitled to a new hearing. Accordingly we remit the matter to the Supreme Court, Suffolk County, for a new hearing on that branch of the defendant's cross motion which was to hold the plaintiff in contempt (see Matter of Miller v DiPalma, 179 AD3d at 697; Matter of Nassau County Dept. of Social Servs. v King, 149 AD3d at 945).
As the awards of attorneys' fees to the defendant in the November 21, 2018 and January 9, 2019 orders arose out of and in connection with the Supreme Court's determination of the defendant's cross motion, inter alia, to hold the plaintiff in contempt, under these circumstances, we also reverse those portions of those orders without prejudice to the parties' rights to seek an award of attorneys' fees after a new determination of that branch of the defendant's cross motion.
In light of our determination, we need not reach the plaintiff's remaining contentions.
DILLON, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.

2019-03034 DECISION & ORDER ON MOTION
2019-03035
2019-03036
Ronald A. Winter, appellant,
v Nancy V. Winter, respondent.
(Index No. 21546/09)

Motion by the respondent, inter alia, to strike the appellant's brief, or stated portions of the appellant's brief, on appeals from three orders of the Supreme Court, Suffolk County, dated November 20, 2018, November 21, 2018, and January 9, 2019, respectively, on the ground that the stated portions of the brief refer to matter dehors the record. By decision and order on motion of this Court dated May 20, 2020, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is
ORDERED that the branch of the motion which is to strike stated portions of the appellant's brief on the ground that they refer to matter dehors the record is granted to the extent that references to communications between the appellant and his attorney on pages 2 through 9 of the appellant's brief are stricken and have not been considered on the appeal; and it is further,
ORDERED that the motion is otherwise denied.
ENTER:
Aprilanne Agostino
Clerk of the Court