Matter of McCloskey v Unger (2024 NY Slip Op 05210)

Matter of McCloskey v Unger

2024 NY Slip Op 05210

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2023-08174
2023-09231
 (Docket No. F-13444-19/20A/22A)

[*1]In the Matter of Carolyn McCloskey, respondent, 
v
Brian Unger, appellant.

Salvatore C. Adamo, New York, NY, for appellant.
Lawrence M. Tuthill, Jr., Riverhead, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of commitment of the Family Court, Suffolk County (George F. Harkin, J.), dated August 10, 2023, and (2) an order of the same court (Alfred C. Graf, J.) dated August 31, 2023. The order of commitment, in effect, confirmed so much of an order of disposition of the same court (Melissa J. Willmott, S.M.) dated July 14, 2023, made after a hearing, as found that the father willfully violated a prior order of child support and committed him to the custody of the Suffolk County Jail for a period of six months unless the father paid the purge amount of $39,678.67. The order dated August 31, 2023, denied the father's objections to the order of disposition.
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the Suffolk County Jail for a period of six months is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of McMinn v Taylor, 118 AD3d 887); and it is further,
ORDERED that the order of commitment is reversed insofar as reviewed, on the law, without costs or disbursements, the order of disposition finding that the father willfully violated a prior order of child support is vacated, the order dated August 31, 2023, is vacated, and the matter is remitted to the Family Court, Suffolk County, for a new hearing and a new determination thereafter in accordance herewith; and it is further,
ORDERED that the appeal from the order dated August 31, 2023, is dismissed as academic in light of our determination on the appeal from the order of commitment, without costs or disbursements.
The mother and the father have two children together. Pursuant to an order of child support dated October 31, 2019 (hereinafter the child support order), the Family Court directed the father to pay weekly child support in the total sum of $289.30. In January 2020, the mother filed a petition alleging that the father willfully violated the child support order by failing to make payments as required. Following a hearing, the Support Magistrate issued findings of fact and an order of disposition, both dated July 14, 2023, finding that the father willfully violated the child support order. Thereafter, the father filed objections to the order of disposition. In an order of commitment [*2]dated August 10, 2023, the Family Court, in effect, confirmed the finding of willfulness against the father, and directed that he be committed to the custody of the Suffolk County Jail for a period of six months unless he paid the purge amount of $39,678.67. In an order dated August 31, 2023, the court denied the father's objections to the order of disposition. The father appeals from the order of commitment and the order dated August 31, 2023.
Although the appeal from so much of the order of commitment as committed the father to the custody of the Suffolk County Jail for a period of six months must be dismissed as academic, in light of the enduring consequences that could flow from the finding that the father willfully violated the child support order, the appeal from so much of the order of commitment as, in effect, confirmed the finding that the father was in willful violation of the child support order is not academic (see Matter of Stein-Zimic v Zimic, 194 AD3d 823, 824).
As the father contends, he was deprived of the effective assistance of counsel at the hearing on the mother's petition alleging willful violation of the child support order. "[I]n support proceedings such as this one in which a party faces the potential of imprisonment and has a statutory right to counsel, . . . the appropriate standard to apply in evaluating a claim of ineffective assistance is the meaningful representation standard" (Matter of Nassau County Dept. of Social Servs. v King, 149 AD3d 942, 944). Here, the father's position at the hearing was that, due to his neuropathy, he was unable to work and had to rely on public assistance for income. Notably, despite having been advised that the father was required to provide a financial disclosure affidavit, tax forms, and certified medical and income records, the father's counsel failed to procure certified copies of the father's medical records or records establishing his entitlement to and receipt of public assistance. Moreover, the father's counsel failed to call any witnesses to testify regarding the father's neuropathy, to subpoena the father's treating physician, or to obtain a medical affidavit from the father's physician. The Support Magistrate made specific reference to the lack of any credible medical testimony, an incomplete financial disclosure affidavit, and the lack of tax returns in finding that the father failed to refute the mother's prima facie showing of a willful violation of the child support order. The failure of the father's counsel to obtain relevant medical and financial information constituted a failure to meaningfully represent the father, and thus, the father is entitled to a new hearing on the mother's petition (see Winter v Winter, 195 AD3d 882, 883-884; Matter of Miller v DiPalma, 179 AD3d 696; Matter of Nassau County Dept. of Social Servs. v King, 149 AD3d at 944; Matter of Albert v Terpening, 128 AD3d 1133). Accordingly, we remit the matter to the Family Court, Suffolk County, for a new hearing on the mother's petition and a new determination thereafter.
In light of our determination, we need not reach the father's remaining contentions.
BARROS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court