Matter of Isaac YY. (Arielle YY.) (2021 NY Slip Op 07586)





Matter of Isaac YY. (Arielle YY.)


2021 NY Slip Op 07586


Decided on December 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 30, 2021

528662 528963 530577 530685
[*1]In the Matter of Isaac YY., a Neglected Child. Saratoga County Department of Social Services, Respondent; Arielle YY., Appellant. (Proceeding No. 1.)
In the Matter of Isaac YY., Alleged to be the Child of a Mentally Ill Parent. Saratoga County Department of Social Services, Respondent; Arielle YY., Appellant. (Proceeding No. 2.)

Calendar Date:November 17, 2021

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Adam W. Toraya, Albany, for appellant.
Hugh G. Burke, Acting County Attorney, Ballston Spa (Michael J. Hartnett of counsel), for respondent.
Karen R. Crandall, Schenectady, attorney for the child.



Reynolds Fitzgerald, J.
Appeals (1) from three orders of the Family Court of Saratoga County (Pelagalli, J.), entered November 28, 2018, March 27, 2019 and October 25, 2019, which, in proceeding No. 1 pursuant to Family Ct Act articles 10 and 10-A, among other things, continued the permanency plan for the subject child, and (2) from an order of said court, entered November 4, 2019, which granted petitioner's application, in proceeding No. 2 pursuant to Social Services Law § 384-b, to adjudicate the subject child to be the child of a mentally ill parent, and terminated respondent's parental rights.
Respondent is the mother of a child (born in 2015). In February 2016, the child was temporarily removed from respondent's home and placed in foster care. Shortly thereafter, petitioner filed a neglect petition pursuant to Family Ct Act articles 10 and 10-A (proceeding No. 1). Family Court ultimately determined that respondent neglected the child and issued a permanency order continuing placement with petitioner, with the permanency goal of returning the child to respondent. Following a permanency hearing, Family Court issued an order in November 2018 changing the permanency goal to adoption, which was subsequently continued by way of permanency orders entered in March 2019 and October 2019. The child has been in petitioner's continuous custody since February 2016. Meanwhile, in September 2018, petitioner commenced proceeding No. 2 seeking to terminate respondent's parental rights on the ground of her mental illness. A fact-finding hearing was held over eight days between June and October 2019, at the conclusion of which the court granted the petition in proceeding No. 2 and terminated respondent's parental rights. Respondent appeals from the three permanency orders and the order terminating her parental rights.[FN1]
"To terminate parental rights upon the ground of mental illness, the petitioning agency must demonstrate, by clear and convincing evidence, that the parent is — and for the foreseeable future will continue to be — unable to provide proper and adequate care for his or her child by reason of that parent's mental illness. Such a showing, in turn, must include testimony from appropriate medical witnesses particularizing how the parent's mental illness affects his or her present and future ability to care for the child" (Matter of Kaitlyn X. [Arthur X.], 122 AD3d 1170, 1171 [2014] [internal quotation marks, brackets and citations omitted]; see Matter of Summer SS. [Thomas SS.], 139 AD3d 1118, 1119 [2016]). "Clear and convincing evidence is a higher, more demanding standard than the preponderance standard and it is evidence that is neither equivocal nor open to opposing presumptions" (Matter of Duane II. [Andrew II.], 151 AD3d 1129, 1131 [2017] [internal quotation marks and citations omitted], lv denied 29 NY3d 918 [2017]). Respondent contends that petitioner failed to satisfy this burden of proof.
Petitioner presented the report and testimony of Richard Liotta[*2], a licensed psychologist who performed a court-ordered evaluation of respondent. He opined that respondent suffered from mental illnesses that rendered her unable to provide proper and adequate care for the child, either now or in the foreseeable future. Respondent concedes that she is presently unable to care for the child yet asserts that Family Court erred in finding that she is unable to care for the child in the foreseeable future, as Liotta testified that several of her mental illnesses are amenable to treatment or are not so severe as to impact her ability to properly care for the child in the future.
Liotta diagnosed respondent as suffering from the following: unspecified bipolar and related disorder; other specified anxiety disorder with generalized anxiety disorder features; other specified trauma and stressor related disorder — primarily in response to ongoing stressors and perceived traumatization by circumstances; delusional disorder, persecutory type; other specified disruptive impulse control and conduct disorder; attention deficit hyperactivity disorder combined presentation, moderate to severe; other specified personality disorder with borderline narcissistic and paranoid features; and substance use disorder — unspecified current severity with history of opioid use and alcohol use disorder. Liotta opined that respondent's mental health disorders act in concert, sometimes exacerbating or amplifying one another, and that "personality disorders are typically very hard to treat because often the person doesn't see themselves as having a problem." He further opined that these mental illnesses affected respondent's judgment, decision-making and ability to parent "a great deal" and that they were "enduring," "long-standing," "severe" and unlikely to improve in the foreseeable future based on her history of noncompliance with treatment.
According deference to Family Court's factual findings and credibility determinations, and in light of the absence of any contradictory expert evidence, we find that clear and convincing evidence supports Family Court's determination (see Matter of Duane II. [Andrew II.], 151 AD3d at 1132; Matter of Kaitlyn X. [Arthur X.], 122 AD3d at 1172). "To the extent that [the expert] suggested that certain aspects of [respondent's] mental illness[es] were amenable to treatment, the mere possibility that [respondent's] condition could, with proper treatment, improve at some later date is an insufficient basis upon which to overturn [Family] Court's sound determination" (Matter of Adrianahmarie SS. [Harald SS.], 99 AD3d 1072, 1074 [2012] [internal quotation marks and citations omitted]; see Matter of Shane PP., 283 AD2d 725, 728 [2001], lv denied 96 NY2d 720 [2001]; Matter of Joseph T., 220 AD2d 893, 895 [1995]).
Respondent finally asserts that Family Court erred in denying her request for an adjournment so that she could personally participate in Liotta's cross-examination.[FN2] At the start of the hearing, [*3]respondent's counsel notified Family Court that respondent was unable to attend the hearing since she was "in a lot of pain" related to a certain medical condition and, in fact, had surgery scheduled to address this condition in July 2019. "Whether to grant or deny an adjournment rests within the trial court's sound discretion, and such requests should be granted only upon a showing of good cause" (Matter of Jessica HH. v Sean HH., 196 AD3d 750, 751-752 [2021] [internal quotation marks and citations omitted]). The hearing had been scheduled for over two months, respondent had a history of failing to appear for scheduled court proceedings, the child had been in foster care for over three years,[FN3] Liotta's mental health evaluation report was circulated to all parties two months prior to the hearing, respondent's counsel actively and diligently participated in cross-examination of Liotta in respondent's absence and the court allowed respondent to recall Liotta if she chose. In these circumstances, we cannot say that Family Court abused its discretion in denying respondent's request for an adjournment (see Matter of Jerry VV. v Jessica WW., 186 AD3d 1799, 1800 [2020]; Matter of Lillian SS. [Brian SS.], 146 AD3d 1088, 1094 [2017], lvs denied 29 NY3d 919, 992 [2017]; Matter of Braswell v Braswell, 80 AD3d 827, 829 [2011]).
We have reviewed respondent's remaining contentions and find them lacking in merit.
Egan Jr., J.P., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the appeals from the orders entered November 28, 2018, March 27, 2019 and October 25, 2019 are dismissed, as moot, without costs.
ORDERED that the order entered November 4, 2019 is affirmed, without costs.



Footnotes

Footnote 1: As respondent's parental rights have been terminated, the appeals from the three permanency orders are moot and must be dismissed (see Matter of Robert B [Paula C.-Tinker A.], 180 AD3d 1250, 1252 [2020], lv denied 35 NY3d 911 [2020]; Matter of Summer SS. [Thomas SS.], 139 AD3d 1118, 1121 [2016]).

Footnote 2: Although respondent requested multiple adjournments throughout the hearing, which took place over eight days, respondent only challenges the denial of her June 18, 2019 request.

Footnote 3: The attorney for the child opposed the challenged adjournment request since it was not in the child's best interests to delay the conclusion of the proceeding.