Matter of Noelia F. (Noel G.) (2022 NY Slip Op 02320)

Matter of Noelia F. (Noel G.)

2022 NY Slip Op 02320

Decided on April 7, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 7, 2022

532724
[*1]In the Matter of Noelia F., a Neglected Child. Clinton County Department of Social Services, Respondent; Noel G., Appellant.

Calendar Date:February 17, 2022

Before:Garry, P.J., Lynch, Pritzker, Colangelo and McShan, JJ.

Michelle I. Rosien, Philmont, for appellant.
Clinton County Department of Social Services, Plattsburgh (Jeffrey C. Kehm of counsel), for respondent.
Andrew F. Bailey, Plattsburgh, attorney for the child.

Pritzker, J.
Appeals (1) from an order of the Family Court of Clinton County (Lawliss, J.), entered December 3, 2020, which, in a proceeding pursuant to Family Ct Act articles 10 and 10-A, modified the permanency plan of the subject child, and (2) from the order of protection issued thereon.
Respondent is the mother of a child (born in 2011). In May 2020, petitioner commenced a neglect proceeding against respondent alleging that she brought the child to Clinton County from New York City without planning or support resulting in a multi-day period where she and the child "were wandering" around without shelter. Respondent consented to the child being removed from her custody on a temporary basis and to the entry of a finding of neglect pursuant to Family Ct Act § 1051 (a). Pursuant to a dispositional order, the child's placement with petitioner was continued, and petitioner was directed to place the child in a foster home in New York City. Subsequently, the court denied the attorney for the child's motion to modify the dispositional order by eliminating the requirement that petitioner place the child in a foster home in New York City. In December 2020, after the conclusion of the first scheduled permanency hearing, Family Court issued a permanency hearing order modifying the permanency goal to placement for adoption, and directed petitioner to file a petition to terminate respondent's parental rights. The court also removed the requirement that the child be placed in a foster home in New York City. An order of protection in favor of the child and against respondent was then issued. Respondent appeals from the permanency hearing order and the order of protection issued thereon.
During the pendency of the appeal, Family Court entered an order terminating respondent's parental rights on the ground of mental illness (see Social Services Law § 384-b [4] [c]) and granting petitioner custody of the child. Given the termination of respondent's parental rights, the appeal from the permanency hearing order is moot and must be dismissed (see Matter of Isaac YY. [Arielle YY.], 200 AD3d 1506, 1507 n 1 [2021]; Matter of Summer SS. [Thomas SS.], 139 AD3d 1118, 1121 [2016]).[FN1] Contrary to respondent's assertion, we do not find that the exception to the mootness doctrine applies (see Matter of Zelda UU. [Amanda VV.], 202 AD3d 1303, 1304 [2022]).
Finally, the order of protection appealed from expired by its own terms in June 2021, rendering any appeal from it moot (see Matter of Destiny HH., 63 AD3d 1230, 1231 [2009], lv denied 13 NY3d 706 [2009]).
Garry, P.J., Lynch, Colangelo and McShan, JJ., concur.
ORDERED that the appeals are dismissed, as moot, without costs.

Footnotes

Footnote 1: Respondent argues that, based upon this Court's decision in Matter of Kasja YY. [Karin B.] (69 AD3d 1258 [2010], lv denied 14 NY3d 711 [2010]), Family Court's decision to remove the requirement that petitioner place the child in a foster home in New York City is not moot. We disagree. In that case, the issue on appeal was whether Family Court erred by extending the subject child's placement (id. at 1258), whereas here, there is no argument regarding the continued placement of the child.