Matter of Nina TT. (Jimmy P.) (2023 NY Slip Op 03737)

Matter of Nina TT. (Jimmy P.)

2023 NY Slip Op 03737

Decided on July 6, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 6, 2023

535174 
[*1]In the Matter of Nina TT., Alleged to be an Abandoned Child. Sullivan County Department of Social Services, Respondent; Jimmy P., Appellant.

Calendar Date:June 1, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Fisher and McShan, JJ.

Cliff Gordon, Monticello, for appellant.
Michael F. McGuire, County Attorney, Monticello (Kristin L. Hackett of counsel), for respondent.
Marcia Heller, Rock Hill, attorney for the child.
Michelle I. Rosien, Philmont, for Nina Q.

Fisher, J.
Appeal from an order of the Family Court of Sullivan County (Mark M. Meddaugh, J.), entered March 16, 2022, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be abandoned, and terminated respondent's parental rights.
Respondent is the father of a child (born in 2017). In April 2018, in the context of a neglect proceeding against the mother, the child was temporarily removed from respondent's home and placed in a therapeutic foster home. In February 2021, petitioner commenced this abandonment proceeding against respondent seeking to terminate his parental rights, alleging that he had not had contact with the child or petitioner in over six months. Thereafter, proceedings were adjourned twice due to respondent's failure to appear or contact his counsel before an appearance. In August 2021, on the first day of the fact-finding hearing and after the close of petitioner's proof, respondent agreed to execute a conditional judicial surrender of the child. Once the judicial surrender documents were prepared and presented to him, respondent refused to sign them and advised that he desired to testify at a fact-finding hearing. Family Court scheduled the fact-finding hearing to continue in November 2021 and further advised respondent that his failure to appear would result in the matter proceeding in his absence. Two days before such hearing, respondent was reminded by the court of his obligation to appear.
On the morning of the continued fact-finding hearing, respondent's counsel advised the court that she spoke that morning with respondent, who informed her that he was at his stepfather's funeral but that he would appear at the hearing. Ultimately, respondent did not appear at the hearing and Family Court declared the matter fully submitted. Family Court found that petitioner established by clear and convincing evidence that respondent had abandoned the child, and terminated his parental rights. Respondent appeals.
Respondent contends that, even though he did not request an adjournment, Family Court abused its discretion in failing to adjourn the fact-finding hearing on its own initiative to allow him to testify. We disagree. Family Court "may adjourn a fact-finding hearing . . . for good cause shown on its own motion," and such determination is a matter resting within the court's sound discretion (Family Ct Act § 626 [a]; see Matter of Isaac YY. [Arielle YY.], 200 AD3d 1506, 1508 [3d Dept 2021]). Although this Court has recognized the significance of a parent's right to be present during proceedings to terminate parental rights, we have also stated that "[t]his right to be present . . . is not absolute and must be balanced with the child's right to a prompt and permanent adjudication" (Matter of Eileen R. [Carmine S.], 79 AD3d 1482, 1483 [3d Dept 2010]; accord Matter of Dakota W. [Kimberly X.], 189 AD3d 2004, 2005 [3d Dept 2020], lv denied 36 NY3d 911 [2021]).
Here, respondent [*2]failed to appear at the continued fact-finding hearing that had been scheduled for over a month, despite speaking with his counsel the morning of the hearing and advising her that he would be in attendance. Although he also told her that he was attending a funeral that morning, he did not request an adjournment or raise such claim at the dispositional hearing that he later attended. The continuation of the fact-finding hearing was pursuant to his request after he withdrew his intention to sign the prepared conditional judicial surrender documents. In scheduling the continuation, Family Court made it clear that the matter would proceed in his absence and reminded him of same two days before the hearing. More importantly, the child had been in foster care since before her first birthday and remained for over three years with a family that desired to adopt her. Respondent had not had contact with the child since November 2018 and the abandonment proceeding continued for nine months, wherein respondent failed to appear on two occasions and failed to contact his assigned counsel before a third appearance resulting in an adjournment. Under these circumstances, including our review of the record and the positions of the mother and the appellate attorney for the child, we cannot say that Family Court abused its discretion in failing to sua sponte grant an adjournment based on respondent's failure to appear and after balancing respondent's interests against those of the child (see Matter of Isaac YY. [Arielle YY.], 200 AD3d at 1509; Matter of Dakota W. [Kimberly X.], 189 AD3d at 2005; Matter of Jayden T. [Amy T.], 118 AD3d 1075, 1076 [3d Dept 2014]). We have considered the parties' remaining contentions and have found them to be without merit or rendered academic.
Egan Jr., J.P., Lynch, Aarons and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.