Matter of Quannie T. (Miayjah R.) (2024 NY Slip Op 01850)

Matter of Quannie T. (Miayjah R.)

2024 NY Slip Op 01850

Decided on April 4, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 4, 2024

CV-22-2182
[*1]In the Matter of Quannie T., Alleged to be an Abandoned Child. Schenectady County Department of Social Services, Respondent; Miayjah R., Appellant.

Calendar Date:February 14, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, McShan and Mackey, JJ.

Amanda FiggsGanter, Albany, for appellant.
Christopher H. Gardner, County Attorney, Schenectady (Bethany M. Dixon of counsel), for respondent.
Joseph R. Williams, Albany, attorney for the child.

Mackey, J.
Appeal from an order of the Family Court of Schenectady County (Jill S. Polk, J.), entered September 27, 2022, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be abandoned.
Respondent (hereinafter the mother) is the mother of the subject child (born in2017). In September 2017, Family Court issued an order of protection, which provided that the mother was not allowed to be the child's sole caretaker. That order was violated in October 2017, after which the child was removed and placed in the custody of petitioner. In October 2020, petitioner commenced this proceeding to terminate the mother's parental rights based upon abandonment. A permanency hearing was commenced, but not concluded, on June 28, 2022. At the end of the day, the court discussed with counsel an appropriate date to finish the permanency hearing and to hold an abandonment hearing; all agreed, on the record, to August 12, 2022. Although the mother appeared on June 28 and was present when the next date was discussed, she failed to appear on August 12 and the hearing proceeded in her absence. The mother's attorney appeared on August 12 and made no objection to continuation of the permanency hearing, but when that hearing was concluded counsel objected to the abandonment hearing being held in the mother's absence. Family Court overruled the objection, noting that the mother was aware of the hearing date. Accordingly, the abandonment hearing went forward, after which Family Court determined that the mother had abandoned the child and terminated her parental rights.[FN1] The mother appeals.[FN2]
Initially, the mother contends that Family Court abused its discretion and violated her due process rights by proceeding with the abandonment hearing in her absence. We disagree. Family Court "may adjourn a fact-finding hearing . . . for good cause shown on its own motion," and such determination is a matter resting within the court's sound discretion (Family Ct Act § 626 [a]; see Matter of Isaac YY. [Arielle YY.], 200 AD3d 1506, 1508 [3d Dept 2021]). Although this Court has recognized the significance of a parent's right to be present during proceedings to terminate parental rights, we have also stated that "[t]his right to be present . . . is not absolute and must be balanced with the child's right to a prompt and permanent adjudication" (Matter of Eileen R. [Carmine S.], 79 AD3d 1482, 1483 [3d Dept 2010]; accord Matter of Dakota W. [Kimberly X.], 189 AD3d 2004, 2005 [3d Dept 2020], lv denied 36 NY3d 911 [2021]).
Here, the mother appeared with her counsel at the permanency hearing on June 28, 2022. At the conclusion of testimony on that day, and in the mother's presence, Family Court announced that the next court date would be August 12, 2022, at which time the permanency hearing would continue, after which an abandonment hearing would be held. On August 12, all participants except the mother appeared. Although the mother's [*2]counsel objected to the hearing going forward in her client's absence, she did not assert that she was without notice. Moreover, the record shows that the mother's attorney was well prepared for the hearing and zealously represented her by cross-examining petitioner's witnesses, making timely and valid objections and presenting a well-reasoned closing argument. More importantly, the child had been in foster care at that point for over three years, with a family that desired to adopt him. Under these circumstances, and after balancing the mother's interests against those of the child to a prompt and permanent adjudication, we cannot say that Family Court abused its discretion in proceeding with the hearing in the mother's absence (see Matter of Isaac YY. [Arielle YY.], 200 AD3d at 1509; Matter of Dakota W. [Kimberly X.], 189 AD3d at 2005; Matter of Jayden T. [Amy T.], 118 AD3d 1075, 1076 [3d Dept 2014]).
Turning to Family Court's substantive finding, "a child is 'abandoned' by his [or her] parent if such parent evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency" (Social Services Law § 384-b [5] [a]). "A finding of abandonment is warranted when [such] is established by clear and convincing evidence" (Matter of Joseph D. [Joseph PP.], 193 AD3d 1290, 1291 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Taj'ier W. [Joseph W.], 209 AD3d 1203, 1204 [3d Dept 2022]). A parent's ability to visit and communicate is presumed, unless proven otherwise (see Social Services Law § 384-b [5] [a]). This Court has often deemed "sporadic, infrequent and insubstantial contacts . . . to be insufficient to defeat a finding of abandonment" (Matter of Darius L. [Daniel L.], 222 AD3d 1259, 1261 [3d Dept 2023] [internal quotation marks and citations omitted]). "The subjective intent of the parent, whether expressed or otherwise, unsupported by evidence of the foregoing parental acts manifesting such intent, shall not preclude a determination that such parent has abandoned his or her child" (Social Services Law § 384-b [5] [b]). "If the petitioning agency satisfies its burden of proving that the respondent failed to maintain sufficient contact for the statutory period, the burden shifts to 'the parent to prove an inability to maintain contact or that he or she was prevented or discouraged from doing so by the petitioning agency' " (Matter of Taj'ier W. [Joseph W.], 209 AD3d at 1204, quoting Matter of Jackie B. [Dennis B.], 75 AD3d 692, 693 [3d Dept 2010]; see Matter of Bradyen ZZ. [Robert A.], 216 AD3d 1229, 1230 [3d Dept 2023], lv denied 40 NY3d 905 [2023]).
At the fact-finding hearing, petitioner called the child's foster father, who testified that the child was in his and his wife's care during the relevant period of April 2020 to October 2020[*3], and that the mother made no attempt to contact him during that time. Petitioner also presented the testimony of its caseworker who testified that, during the relevant time, the mother was scheduled to have weekly virtual visits with the child, but that she did not avail herself of those visits. Rather, she attended just one virtual visit with the child, which was scheduled to last one hour, but was ended after 10 to 15 minutes for "lack of engagement." The mother did not send the child any letters, cards, pictures or gifts. The caseworker testified that during the six-month period, the mother did not contact her to inquire about the child's health, welfare and status or to request visitation. She further testified that in July 2020, without informing petitioner, the mother moved from Schenectady, New York to Alabama. The mother presented no evidence of her own.
The evidence establishes that the mother did not visit or communicate with the child during the requisite six-month period, other than the one occasion where she virtually visited with the child for less than the allotted time. That single brief visit is insufficient to defeat petitioner's showing of abandonment (see Matter of Dimitris J. [Sarah J.], 141 AD3d 768, 770-771 [3d Dept 2016]; Matter of Jazmyne OO. [Maurice OO.], 111 AD3d 1085, 1087 [3d Dept 2013]). Accordingly, there is no basis upon which to disturb Family Court's decision to terminate the mother's parental rights to the child on the ground of abandonment (see Matter of Damien D. [Ronald D.], 176 AD3d 1411, 1413 [3d Dept 2019]; Matter of Max HH. [Kara FF.], 170 AD3d 1456, 1460 [3d Dept 2019]).
Egan Jr., J.P., Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Petitioner also commenced an abandonment proceeding against the father, which was litigated at the same fact-finding hearing. Following the hearing, Family Court found that the father had abandoned the child as well and terminated his parental rights.

Footnote 2: The attorney for the child at the fact-finding hearing argued that the mother had abandoned the child and the attorney assigned to represent the child on this appeal maintains that position.