Matter of Ava OO. (Michael NN.) (2025 NY Slip Op 01022)

Matter of Ava OO. (Michael NN.)

2025 NY Slip Op 01022

Decided on February 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 20, 2025

CV-23-1648
[*1]In the Matter of Ava OO. and Others, Alleged to be Neglected Children. Sullivan County Department of Social Services, Respondent; Michael NN., Appellant. (And Other Related Proceedings.)

Calendar Date:January 15, 2025

Before:Egan Jr., J.P., Aarons, Fisher, McShan and Mackey, JJ.

Constantina Hart, Kauneonga Lake, for appellant.
Robert H. Freehill, County Attorney, Monticello (Kristin L. Hackett of counsel), for respondent.
Betty J. Potenza, Milton, attorney for the child.
Daniel P. Moskowitz, Monticello, attorney for the child.

Egan Jr., J.P.
Appeal from an order of the Family Court of Sullivan County (E. Danielle Jose-Decker, J.), entered July 20, 2023, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent Leanna MM. (hereinafter the mother) is the mother of the four subject children (born in 2012, 2014, 2017 and 2019), the youngest of whom is at issue here. Respondent Michael NN. (hereinafter the father) is the father of the youngest child and, in May 2022, he lived with the mother and the subject children in the Town of Fallsburg, Sullivan County. Following an investigation into a hotline report alleging that the father had struck the mother during a domestic dispute and had sexually abused the oldest of the subject children, petitioner filed separate petitions against the mother and the father alleging that they had abused and neglected the subject children. All of the subject children were temporarily removed from the home.
In October 2022, the parties entered into an agreement to resolve the pending petitions, with the mother and the father both consenting to the entry of a finding of neglect without admission and petitioner agreeing to withdraw the allegations of abuse against them. The agreement contemplated that the subject children would be placed in the care of petitioner, but that the mother and the father would have supervised parenting time with their respective children. Petitioner further stipulated, as is relevant here, that if the father met certain requirements, it would take no position upon an application to return the youngest child to his care and would "leave such decision to the sound discretion of [Family] Court . . . based upon all of the attendant circumstances existing at the time such application is made." Among those requirements was that the father "complete[ ] a sex offender evaluation" with a named evaluator "or some other similarly credentialed practitioner" who had been made aware of the allegations against him, then "follow[ ] all recommendations of such evaluator until receiving a positive discharge." An amended order of fact-finding was issued later that month and embodied the terms of the parties' agreement.
The father had difficulty obtaining the money to pay the named evaluator and, in February 2023, his application for an order directing petitioner to pay the evaluator under County Law § 722-c was denied without prejudice to renewal with motion papers that complied with the statutory requirements.[FN1] The father thereafter underwent an April 2023 mental health assessment from a social worker at the Sullivan County Department of Community Services — not the named evaluator — that included a sex offender evaluation finding that the father was at a below-average risk of reoffense. The parties then appeared for a dispositional hearing in May 2023, where counsel for petitioner represented that the father had a safe and appropriate [*2]home and that, while "colleagues [could] argue on the issue of the sex offender status," petitioner would honor its commitment to "take no position [on disposition of the youngest child] and leave it to the sound discretion of the Court," given the completed evaluation.
Family Court thereafter issued a July 2023 dispositional order in which it concluded that neither parent had adequately addressed the "shortcomings and flawed judgment" that had led to the findings of neglect against them and that the best interests of the children would be served by leaving them in petitioner's care for the time being. The court further directed that the father "obtain sex offender treatment from a properly credentialed therapist until positive, therapeutic discharge," and issued orders of protection requiring the father to stay away from, and refrain from contacting, all of the subject children except for supervised visitation with the youngest child. The father appeals, focusing upon that aspect of the dispositional order relating to the youngest child.
To begin, petitioner's argument that the father's appeal must be dismissed is without merit. It is true that an order entered upon consent, like the amended order of fact-finding entered in October 2022, is not appealable (see e.g. Matter of Adam O. v Tracie P., 188 AD3d 1312, 1313 [3d Dept 2020]). The father's appeal does not relate to the sex offender evaluation provision of that order, however, instead challenging the later dispositional order in which Family Court determined that his efforts to satisfy the evaluation provision had come up short. There was never any agreement on that point or on the ultimate issue of disposition and, as the father "clearly did not consent to the terms" of the dispositional order, he is free to take an appeal from it (Matter of Adam V. v Ashli W., 180 AD3d 1205, 1206 [3d Dept 2020]).
Upon the merits, we affirm. "A dispositional order in a neglect proceeding must reflect a resolution consistent with the best interests of the child after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record" (Matter of Jaylin XX. [Jamie YY.], 216 AD3d 1224, 1228 [3d Dept 2023] [internal quotation marks, brackets and citation omitted]; see Matter of Tristen S. [Thomas S.], 216 AD3d 1237, 1239 [3d Dept 2023]; Matter of Jamel HH. [Linda HH.], 155 AD3d 1379, 1380 [3d Dept 2017]). Here, although the father made no admissions when he consented to a neglect finding against him, he was aware that his consent would have "the same legal effect as if there had been a hearing and all the necessary facts [alleged in the petition] were proven," including the allegation that he had sexually abused one of the subject children (see Family Ct Act § 1051 [a], [f]). It was accordingly contemplated that he would undergo a sex offender evaluation before seeking the return of the youngest child to his care, and the proof at the dispositional hearing [*3]included a sex offender evaluation that scored him as a "below average risk." That said, the evaluation was not prepared by the evaluator named in the fact-finding order and amounted to a one-page form in which the evaluator notably failed to complete the section stating whether the result fairly represented the risk posed by the father. Family Court did not view this to be the "thorough" evaluation contemplated by the fact-finding order and noted, correctly, that there was no reason to believe that the father had undergone any sex offender treatment as a result of it. Family Court therefore found that the father had failed to address the issues that had led to the neglect findings against him. According deference to those findings of fact, we are satisfied that a sound and substantial basis in the record supports Family Court's determination that the best interests of the youngest child will be served by leaving him in petitioner's care, at least until the father obtains an appropriate sex offender evaluation and engages with recommended treatment (see Matter of Tristen S. [Thomas S.], 216 AD3d at 1242; Matter of Ja'Sire FF. [Jalyssa GG.], 206 AD3d 1076, 1080 [3d Dept 2022], lv denied 38 NY3d 912 [2022]; Matter of Heather WW., 300 AD2d 940, 941-942 [3d Dept 2002]).
As the order of protection issued in favor of the youngest child expired by its own terms in July 2024, the father's argument regarding the propriety of that order is moot (see Matter of Noelia F. [Noel G.], 204 AD3d 1122, 1123 [3d Dept 2022]; Matter of Kali-Ann E., 27 AD3d 796, 797 n [3d Dept 2006], lv denied 7 NY3d 704 [2006]). To the extent that they are properly before us and have not been addressed above, the father's remaining arguments have been considered and are unavailing.
Aarons, Fisher, McShan and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The attorney for the child argues that Family Court erred in denying that application, but she is not an appealing party, and her effort to obtain affirmative relief not sought by an appellant is improper (see Hecht v City of New York, 60 NY2d 57, 60 [1983]; Matter of Drey L. [Katrina M.], 227 AD3d 1134, 1135 n [3d Dept 2024]).