Matter of Jonnilyn C. v Amy D. (2025 NY Slip Op 06947)

Matter of Jonnilyn C. v Amy D.

2025 NY Slip Op 06947

Decided on December 11, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 11, 2025

CV-24-1876
[*1]In the Matter of Jonnilyn C., Respondent,
v
Amy D., Appellant.

Calendar Date:October 15, 2025

Before:Pritzker, J.P., Reynolds Fitzgerald, Ceresia, McShan and Powers, JJ.

Noreen McCarthy, Keene Valley, for appellant.
Barbara Ann Montena, Ballston Spa, for respondent.

Ceresia, J.
Appeal from an order of the Family Court of St. Lawrence County (Efstathia Kyriakopoulos, Referee), entered October 28, 2024, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.
Petitioner (hereinafter the mother), who has two children (born in 2020 and 2023), filed a family offense petition against respondent (hereinafter the grandmother) wherein she sought an order of protection against the grandmother. In her petition, the mother claimed that she feared for her safety and that of the children because, among other things, the grandmother had acted in an aggressive and abusive manner toward the mother in front of the children, texted and called her excessively, and contacted the mother's landlord to try to have her evicted. Following an ex parte court appearance, Family Court (Moses, J.) issued a temporary refrain-from order of protection in favor of the mother and the children. On the day that trial was set to commence, the parties agreed to a resolution of the matter whereby a one-year stay-away order of protection would be issued without an admission from or finding of fact against the grandmother. Family Court (Kyriakopoulos, Referee) issued that order, and the grandmother appeals.
The order of protection has expired by its own terms. Given that, and recognizing that "this order of protection was not issued with a finding that the [grandmother] had committed a family offense, [such that] the 'enduring consequences' that may result from such a finding do not result here," this appeal is moot (Matter of Jacob L. v Heather L., 228 AD3d 1191, 1192 n [3d Dept 2024], quoting Matter of Smith v Morrison, 196 AD3d 772, 773 n [3d Dept 2021]; see Matter of Noelia F. [Noel G.], 204 AD3d 1122, 1123 [3d Dept 2022]). The grandmother has not argued, nor do we find, that the exception to the mootness doctrine applies.
Pritzker, J.P., Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.